### SIDNEY BERRY v. WILLIAM P. INNES.

*Alteration by ex parte proceedings of decree for specific performance.*

An action at law does not lie for damages resulting from the neglect to obey a decree requiring the specific performance of a contract, where the decree itself was unwarranted, as where it has been changed on an *ex parte* application and without notice to the defendant.

Case made after judgment from Kent. Submitted June 28. Decided Oct. 5.

CASE. Defendant had judgment below. Affirmed.

*E. A. Maher* for plaintiff.

*Norris & Uhl* for defendant.

GRAVES, J. Prior to July 14, 1859, the defendant Innes contracted a certain body of land to Ernst & Nixon and also another one to W. & E. Trill, and Berry claims that Innes on that date through his attorneys Ives & Martindale assigned to him the said contracts and bound himself to convey to him the property, subject only to such rights as were held by said purchasers under their contract. In July, 1861,

he filed his bill against Innes for specific performance, and joined Ives & Martindale and a person by the name of Price as defendants. The purchasers by contract, Ernst, Nixon and the Trills were not made parties.

On the 23d of August, 1873, the court made a decree in Berry's favor; which, after finding and adjudging that the interest possessed by Innes at the time Berry became assignee, amounted to $1200, proceeded to decree that Innes should convey to Berry by deed containing the usual covenants of a warranty deed, but saving from the operation of the covenants whatever rights existed or might arise in favor of said purchasers by contract, or their privies. The case had proceeded without the filing of any notice of its pendency and on the 21st of February, 1868, the premises were conveyed by Innes and wife to George Jerome. April 10, 1874, the decree was allowed to be altered *ex parte;* and a year later the court adjudged Innes guilty of contempt for not having made conveyance in accordance with the decree.

An appeal was taken from that order to this court and the proceeding for contempt was reversed. *Berry v. Innes* 35 Mich. 189.

After saying that Innes was not bound at his peril to prepare and execute such a deed as the decree called for, the court added these material observations: "But we also think the decree could not lawfully have been amended without notice; and though the amendment could not injure this defendant, yet as the decree itself appears to be in some particulars not warranted by the case made, we think the defendant should be allowed to take advantage of the error. The order appealed from will, therefore, be reversed, with costs, and leave given to file a bill of review. If the parties cannot now agree what their respective rights are, and settle them without further litigation, Nixon, Ernst and the Trills ought in some manner to be brought before the court."

The order of reversal was made October 25, 1876, and a certified copy was filed in the court below on the 7th of September, 1877, and the case implies that Innes filed a petition for leave to bring a bill of review and attached

thereto a copy of the bill he desired to bring. No other proceedings were taken in that suit and on November 4, 1879, Berry commenced the present action at law; the suit being a special action on the case to recover damages for the alleged neglect and refusal of Innes to execute and deliver the deed in accordance with the before-mentioned decree.

The hearing proceeded without a jury and the judge on special findings decided in favor of defendants and the plaintiff seeks a review of the decision on a case made. The action is a novel one. Nothing like it is mentioned by counsel or is remembered by the court. Still, if the principle is sound the bare fact that this is the first example ought not to defeat the plaintiff. But is the principle sound? We think not, and many reasons are suggested for this opinion. But it is idle to multiply objections.

We shall not presume to overhaul the practice in the equity case. We are not sitting in review of that suit and the occasion is not a proper one for inquiring in regard to errors and irregularities alleged to have been committed in it. It is sufficient for the present purpose to give attention to the views expressed on the hearing of that cause on the appeal.

The real position of the plaintiff is that the original decree by the circuit court is valid, and that Innes committed an actionable grievance in neglecting to obey it. That it imposed a duty on Innes, which the courts are bound to regard, to execute the deed to Berry; and that his failure to perform the duty by deeding as directed by the decree, created a ground of action at common law for the recovery of damages. Now if the duty supposed did not arise upon the decree, the action at law falls to the ground on its own theory, and recurring to our ruling on the occasion of reversing the order in the contempt proceeding, it is seen that we then held in substance that it did not. We thought that the case was too faulty and defective to warrant any coercive steps against Innes and that further proceedings of some kind would be necessary to place him at fault for not deeding as directed by the decree. That determination is

consequently decisive against the very principle relied on to justify this action.

In the present state of the controversy the plaintiff must look to some proper use of the suit in equity in the court of equity to obtain any substantial relief.

The judgment is affirmed with costs.

The other Justices concurred.