## JACKSON *v.* JACKSON.

1. JUSTICES OF THE PEACE—LEAVE TO APPEAL—EXCUSE FOR DE-
LAY.

> Application for leave to appeal from a justice's judgment
> against a nonresident defendant in an attachment suit was
> properly granted on a showing that defendant had no notice of
> the proceedings until more than a month after the judgment,
> and that, during the six weeks thereafter intervening before
> the application, she was endeavoring to obtain exact and
> definite information as to the proceedings.

2. DIVORCE—TITLE TO PERSONALTY—ACTION AT LAW.

> Where a decree of divorce determined the title to much house-
> hold property as between the parties, and directed the execu-
> tion of bills of sale in conformity therewith, after which the
> husband brought an action at law against the wife to recover
> for articles taken and sold by her, *held*, that, so far as plain-
> tiff's claim was founded on a nonperformance of the decree,
> his remedy was by proceedings for its enforcement in the
> chancery suit, but that as to other articles owned by him,
> whether covered by the decree or not, a recovery might be
> had in the suit at law.

Error to Bay; Shepard, J. Submitted November 24,
1903. (Docket No. 164.) Decided February 2, 1904.

*Assumpsit* by John B. Jackson against Charlotte E.
Jackson to recover for chattels converted. From a judg-
ment for defendant on verdict directed by the court, plain-
tiff brings error. Reversed.

*Lee E. Joslyn*, for appellant.

*I. N. Kinney*, for appellee.

CARPENTER, J. Prior to November 27, 1900, the parties
to this suit were husband and wife. On that day they
were divorced by the circuit court for the county of Bay,
in chancery. This suit was commenced by a writ of

attachment in justice court to recover an indebtedness alleged to be due on contract. In that court plaintiff obtained a judgment. From this judgment, defendant, who had not appeared nor been served with process, was permitted, on a special application, made three months after the judgment was rendered, to appeal. The trial in the circuit resulted in a verdict for defendant under the direction of the court. Plaintiff brings the case to this court by writ of error, and asks us to reverse the judgment on the ground that the trial court erred in permitting defendant to appeal from the justice court and in directing said verdict.

1. Defendant's application for the appeal proves that she did not know of the proceedings in the justice court until more than a month after the judgment had been rendered therein, but it also shows that she did have knowledge or notice of said judgment about six weeks before she made her application for appeal. It is contended by plaintiff that this delay of six weeks destroyed defendant's right to the appeal. We do not think this point well taken. It appears from her application that at this time defendant resided in the city of Washington, in the District of Columbia, and that from the time she heard of the suit against her "up to the present time she has been endeavoring to obtain exact and certain information as to said judgment, all her information heretofore being uncertain and vague." We cannot say that this was not sufficient excuse for her delay.

2. Did the court err in directing a verdict for defendant? When the case came on for trial in the circuit, plaintiff's declaration was the oral one made in justice court "on all the common counts in *assumpsit*, and specially for the value of certain.goods, chattels, books, dishes, household furniture, etc., the property of plaintiff, taken by defendant without plaintiff's consent, and by defendant sold, disposed of, and given away, * * * said goods being taken under an implied and express promise on the part of defendant to pay the full value thereof." There was a

bill of particulars of plaintiff's claim, in which were described various books and a large number of household articles. The plea of defendant was the general issue. Plaintiff introduced in evidence the proceedings in the divorce case, wherein defendant was complainant and plaintiff defendant. Said decree not only divorced the parties, but it determined the title to many articles of household property. It ordered defendant to execute a bill of sale transferring a large number of articles to plaintiff, and it likewise ordered plaintiff to execute a bill of sale transferring other articles to defendant. The articles to recover compensation for which this suit was brought consisted in part, as we understand it, of property described in the bill of sale executed by defendant to plaintiff, and in part of articles which were not mentioned in the decree. Before plaintiff had completed his case, the trial judge interrupted him, and directed a verdict for the defendant, giving her at the same time permission to amend her plea by alleging that the court lacked jurisdiction. This action of the court proceeded upon the ground that plaintiff could recover for the articles given him by the decree in the chancery suit only by enforcing that decree, and, as that decree had "assumed to make a partition and division between the parties," his only remedy for articles not mentioned therein "would be to apply to the [chancery] court to show error or omission or an oversight, and have it remedied in that case."

Respecting the property covered by the decree, if plaintiff's cause of action therefor either arose before the decree (in which case it was merged therein), or if it arose simply from the nonperformance of the decree, we agree with the trial judge that redress should be sought from the court which made it. See *Allen* v. *Allen*, 100 Mass. 373; *Lyon* v. *Lyon*, 21 Conn. 185; *Bauman* v. *Bauman*, 18 Ark. 320 (68 Am. Dec. 171); *Berry* v. *Innes*, 46 Mich. 518 (9 N. W. 834). That court clearly has jurisdiction to enforce the decree, and its jurisdiction is necessarily exclusive. It might modify the decree, and release defend-

ant entirely from her obligation (3 Comp. Laws, § 8641), while another court, proceeding upon the assumption of its binding validity, was undertaking to enforce it. If, however, this cause of action arose not from, but after, the decree of divorce, the case would be different. If the defendant, after the divorce, sold property which the decree clearly awarded to plaintiff, plaintiff could recover therefor in this suit. The condition of the record does not enable us to say with certainty whether plaintiff has, under these principles, a cause of action. We have thought it our duty, however, to indicate the law which will govern another trial, since the case must be reversed on another ground.

Respecting plaintiff's claim for property not covered by the decree, we cannot agree with the trial judge that the decree in the divorce suit assumed to make a division and partition of the household property between the parties. It did direct plaintiff to transfer to defendant certain of this property, and it also directed the defendant to transfer to the plaintiff "the remainder of the personal property described in the inventory, Exhibit G, in this cause, this day filed." Exhibit G is a list of household articles headed, "What Jackson is Willing His Wife Should Have." We cannot infer from this that the decree assumed to affect the title of plaintiff to other property of which he was the owner. If, therefore, there was such other property, and if, as plaintiff claims, defendant sold it, the money received by her may be recovered in this suit.

The judgment of the court below must therefore be reversed, and a new trial ordered.

The other Justices concurred.