MARTIN CH. J. did not sit.

---

## Milton J. Draper v. Timothy B. Tooker.

*Special appeals: Justices Courts: Power of Circuit Court: Justices of the Peace: Rendering Judgment.* At the close of a trial the Justice of the Peace stated to the parties that he should take time for considering the case — without stating how much time. The defendant, supposing that the Justice could not render a judgment until the fourth day thereafter, took no steps to ascertain what the decision was until the fifth day after the expiration of such four days.

The Justice rendered judgment for plaintiff the day after the trial.

*Held,* That when the Justice does not fix the time within the four days allowed by the statute upon which to render his judgment, that the parties are bound to take notice when the judgment is rendered.

*Held, further,* That in such a case the Circuit Court has no power to grant a special appeal — *Comp. L.* § 3842 — the party not having been in any way misled, but laboring simply under a misapprehension as to the legal effect of the action of the Justice.

The statute does not give a general discretion to the Circuit Court to allow appeals when it would be merely equitable. The right is only given when the party has been prevented from appealing within five days by circumstances beyond his control; and the discretion of the court is confined to such cases.

*Heard October 7th and 8th.    Decided October 10th.*

Error to Jackson Circuit.

This was an action of assumpsit brought before a Justice of the Peace to recover the amount due upon a promissory note.

Judgment was rendered for plaintiff. The defendant applied to the Circuit Court for leave to take a special appeal, under the statute, claiming that he had been prevented from appealing within the usual time by circumstances not under his control.

The appeal was granted. The facts are stated in the opinion.

*Johnson & Higby,* for plaintiff.

The first error assigned is that the court below improperly allowed the appeal.

Section 3842 *of Comp. L.* provides that appeals may be allowed in the Circuit Court after the expiration of five days, when the party making the appeal has been prevented from taking the same by circumstances not under his control.

No such circumstances were shown in the affidavits, upon which the appeal in this case was granted. The most that can be urged is that the counsel for defendant mistook the time designated by the court for the rendition of his judgment.

And though this to some extent may be a discretionary power, it can not be lawfully exercised without a compliance with the provisions of the statute. This is not one of those cases where the power is unlimited, and consequently not subject to a review by this court; and if we are right in this regard, then it becomes simply a question whether here was a showing within the statute.

It seems to us that the statute was intended to provide against the intervention of some physical cause preventing the appellant from perfecting his appeal. The most that he can claim in this case is that he was misled by a supposed statement of the Justice. We submit this question, however, more for the purpose of getting a construction of this statute than otherwise.

*Wm. K. Gibson,* for defendant.

The granting of the special appeal by the Circuit Court was right and proper, and it is not a subject of review by this court.

The use of the phrase " Appeals may be authorized by the Circuit or District Court," in § 3842 *Comp. L.* indicates that the Legislature intended to confer a discretionary power upon the court.

The courts will not enlarge or extend a statute for the purpose of encouraging litigation, nor take away, by construction, a discretionary power, wise and proper, unless the plain words of the statute demand it.

This court will not review the exercise of discretionary power.

But if the statute be construed not to confer discretionary power, still it is claimed that the case made by the petition and affidavits was within the meaning of section 3843. The party seeking to appeal was prevented by a circumstance not under his control. He was led by the Justice, without fault on his part, into an error as to when he should take his appeal.

CHRISTIANCY J.

The first question presented in this case is whether the appeal from the judgment of the Justice was authorized by section 190, of Chapter 117 of the *Comp. L.* the appeal having been taken more than five days after the rendition of the judgment?

By the 184th section, the time for appealing is fixed "within five days after the rendition of the judgment." But the 190th section enacts that "appeals may be authorized by the Circuit or District Court after the expiration of five days, when the party making the appeal has been prevented from taking the same *by circumstances not under his control.*"

The only "circumstances" relied upon in the petition for the appeal, or which are here relied upon as authorizing it, are, that "after the close of the argument the Justice stated he should take time to decide the case. It was then asked by the counsel for the plaintiff how long a time a Justice could take for such a purpose. The counsel for the defendant (the appellant) then said that as the case had been continued for the argument, the Justice had four days

yet in which to decide it. No time was fixed by the Justice when he would decide the case"; but defendant supposed he would take four days; and instructed his attorney to appeal the case if it should be decided against him. The Justice rendered his judgment the next day against the defendant. On the last day the case could have been appealed, if the Justice had taken the four days, the defendant's (appellant's) attorney saw the Justice and was informed by him that the judgment had been rendered as above stated, and it was too late then to appeal.

These being the only circumstances relied upon as giving the right to appeal, are they such as were not "under the appellant's control," within the meaning of the 190th section?

It is quite clear that the statute did not intend to give a general discretion to the Circuit Court to allow appeals in any case after the five days, where, in their judgment, it would be equitable, or when the party had made a mistake, or drawn an erroneous inference; but that by the restrictive language used, the intention was to confine that discretion to the class of cases in which the appellant had been prevented from appealing within the five days by circumstances beyond his control. The discretion is therefore confined to cases falling within this class.

By the 132d section of this chapter the Justice is to render his judgment and enter the same in his docket within four days after the cause shall have been submitted to him for final decision. This certainly does not mean that if he does not decide at once, he must wait the four days, or until the fourth day, but he may decide at any time within the four days. If he determines, when the cause is submitted to him, to decide it on some particular day within the time, this is in legal effect a continuance of the cause until that day, and should be so announced to the parties, and so entered upon his docket. If he does not, at the time of the submission of the cause, determine upon the day when he will render his judgment, he may

render it at any time within the four days, when, upon due consideration, he becomes satisfied what judgment should be rendered; and, in such case, the court must be regarded as still open, so far as the particular case is concerned, and the parties bound to take notice when the judgment is rendered, and what the judgment is; because, in such case, the parties, until the judgment is rendered, must be regarded as still in court.

In the present case, it appears, from the appellant's own showing, that no time was fixed by the Justice when he would decide the case.  Both parties, therefore, must be regarded as knowing that the court was still open for the decision at any time within the four days when the Justice should have become satisfied, and should choose to render the judgment, and they were therefore bound to take notice of the day when the judgment should be rendered.  This would not require their presence, or that of their attorneys, all the time, in court, but would render it necessary, if they wished to avail themselves of the whole five days for appealing, to inquire each day whether a judgment had been rendered.  No fraction of a day would, of course, be regarded.

We think, therefore, the Circuit Court had no power to allow the appeal in the present case, and that the judgment of that court should be reversed with costs, and the judgment of the Justice affirmed.

CAMPBELL and COOLEY JJ. concurred.

MARTIN CH. J. did not sit.