WILLIAM J. CALVERT *vs.* MOSES A. McNAUGHTON, *et. al.*

A Circuit Court has no general discretion to allow an appeal from the judgment of a ustice of the Peace based upon the equities of the case.

Such appeal can be allowed under Sec. 190, of the Justice's Act, only where the party desiring to appeal was prevented from doing so within five days after judgment rendered, by circumstances beyond his control, and it is not beyond his control to see that the office before whom he swears to an affidavit, signs the *jurat*, before he files it with the Justice.

*Jackson Circuit, October* 1870.

*W. K. Gibson,* for Petitioner.

*J. R. Parsons,* Contra.

CALVERT v. McNAUGHTON, et. al.

*By the Court*, HIGBY, J.—The plaintiff recovered a judgment against the defendants, before a Justice of the Peace.

This application is made under Sec. 190, of the Justice's Act, which provides in substance that appeals may be authorized by the Circuit Court after the expiration of five days, where the party making the appeal has been prevententd from taking the same by circumstances not under his control.

The petition shows that within five days after the judgment was rendered, the defendant, McNaughton, (the petitioner,) went to the office of the Justice who rendered the judgment, for the purpose of appealing the suit; that he filed with him the necessary bond and paid the costs and fees required by law for making a return; that an affidavit was prepared and signed by him, to which he was sworn by the Justice; that he left it with the Justice in that condition, the Justice not having signed the *jurat*; that the Justice made return to the Circuit Court, but the appeal was dismissed, on the ground that there was no affidavit.

In support of the petition it is claimed that a case is presented showing that the petitioner was prevented from taking his appeal by circumstances not under his control.

In the case of *Draper vs. Tooker*, 16 *Mich.*, 77, the Supreme Court says: "It is quite clear that the statute did not intend to give a general discretion to the Circuit Court to allow appeals in any case after five days, where in their judgment it would be equitable, or where the party has made a mistake or drawn an erroneous inference; but that by the restrictive language used, the intention was to confine that discretion to the class of cases in which the appellant has been prevented from appealing within the five days, by circumstances beyond his control."

In taking an appeal it is required that the appellant, amongst other things, shall within five days after the rendition of judgment, present to the Justice an affidavit. *See* 184, Justice's Act.

The paper filed with or *presented* to the Justice in this case was not an affidavit, there being nothing upon it to show that it had been sworn to. It was within the power of the petitioner to have filed with him an affidavit; in fact it was as much within his power to have presented an affidavit as to have presented the paper which he did.

2

He could have seen to it that the *jurat* was signed ; in fact he could not present it to the Justice *as an affidavit* until it was signed.

If the Justice at his request refused to sign it, he could have sworn to it before any other officer authorized to administer oaths.— It was wholly at his own option that he left the paper with the Justice in the condition it was, and in no respect a circumstance beyond his control.

If the Court had a discretion to allow an appeal on equitable grounds, I should feel disposed, inasmuch as the paper was sworn to before the same officer with whom it was to be left or filed, to allow the appeal, but under the construction given to the law by the Supreme Court I must deny the petition.

[But see *Lumbard vs. Zimmerman*, 1 *Mich. Nisi Prius*, 313.— *Ed. Nisi Prius.*]