FREDERICK BRAASTAD, JENS LEREGGEN, SVEND JOHNSON
AND HAAGEN ASGAARD v. THE ALEXANDER H. DEY
IRON MINING COMPANY.

*Appeal after lapse of statutory period.*

How. Stat. § 7005 permits appeals to be authorized after the statutory
time for taking them has expired, if the party seeking to appeal was
prevented from doing so by "circumstances not under his control."
*Held*, that these include his serious illness or that of a member of his
family,—and the rule applies where the party is the agent of a cor-
poration.

Error to Marquette. (Grant, J.) June 5.—June 25.

ASSUMPSIT. Plaintiffs bring error. Affirmed.

*G. W. Hayden* for appellants. The statutory right to
appeal is a special one, materially affecting legal rights: *Mc-
Caslin v. Camp* 26 Mich. 390; and the power to allow it
after five days is not a discretionary one: *Draper v. Tooker*
16 Mich. 74.

*A. B. Eldredge* for appellee.

CHAMPLIN, J.   Plaintiffs brought a suit before a justice of
the peace against one John Sullivan, and at the same time gar-
nished the defendant in this suit.   The garnishee summons
was served by reading and delivering a true copy thereof to
James I. David, the agent of defendant corporation, and one
of its principal officers, and the only one then in Marquette
county.   No one appearing before the justice to make dis-
closure in behalf of defendant corporation, he entered a judg-
ment against it for $112.88, and $4.50 costs.   This was in
January, 1882.   No appeal having been taken, the plaintiff
waited until July, 1882, and then issued execution.   Defend-
ant then petitioned the circuit court for the county of Mar-
quette for leave to appeal, for the reason that it had been
prevented from taking the appeal from the judgment within
the time allowed by law by circumstances not under its con-

trol, as shown by the affidavits of William W. Wheaton and James I. David. The affidavit of David stated that he was served with the summons on January 10, 1882, returnable January 20th; that he informed the constable making the service that the company did not owe Sullivan, and asked the officer if it would be necessary under those circumstances for him to appear before the justice, and was informed by him that it would not; that he would inform the justice of the facts, and it would not be necessary for him or the company to take any steps with reference to the proceedings; that relying upon the statements of the officer he did not appear; that on the 21st of January his wife was taken dangerously sick,—so much so that for several days her life was despaired of; that from the 24th to the 29th of January he was in constant attendance upon his wife nursing and ministering to her, and as soon thereafter as she could be removed, on the first or second day of February, 1882, he took her to her home at Grosse Isle; that by reason of the sickness of his wife, he and the defendant were prevented from taking an appeal from the judgment; that shortly after his arrival at Grosse Isle he resigned his position in defendant company, and never informed them or any of its officers or agents, of the service upon him of the garnishee summons. Wheaton stated that the defendant had no knowledge of the judgment until execution was issued and an officer presented it and demanded payment; that David was the only agent or general officer of the corporation in Marquette county at the time of the service of the garnishee summons, and did not inform any of the other officers or agents of said company of the garnishee proceedings; that the Alexander H. Dey Iron Mining Company was not at the time of the service of said garnishee summons, nor has it since been, and is not indebted, nor had it then, or since, any property, money or effects in its hands or under its control belonging to said John Sullivan, nor was said Sullivan then, nor has he since been, in the employ of said company; that the general offices of said company are in Detroit; and that deponent has the sole charge

of the ordinary business of the corporation in Marquette county.

Upon the petition and affidavits the circuit court of Marquette county issued an order requiring the plaintiffs in this suit to show cause why the court should not authorize an appeal from the judgment in the garnishee proceedings. The order was served upon the plaintiffs, and no cause to the contrary being shown, the court granted the application and allowed an appeal to be taken, which was done. After the appeal papers were filed in the circuit court, the defendants filed a plea of the general issue, and duly noticed the cause for trial. When the case was called for trial the plaintiffs appeared by attorney specially, and moved the court to dismiss the appeal taken in the cause and to hold the proceedings taken in that court for naught for want of jurisdiction in the court to entertain the same, owing to the insufficient showing for the appeal therein. This motion was denied, and the plaintiffs then declined to further prosecute their suit, and judgment of nonsuit was entered against them. Whereupon the plaintiffs have sued out a writ of error, and assign here the same cause of error taken in the trial court upon their motion to dismiss the appeal.

The statute provides that "appeals may be authorized by the circuit court or by the judge in chambers after the expiration of five days, when the party making the appeal has been prevented from taking the same by circumstances not under his control." How. Stat. § 7005.

The affidavits upon which the circuit court authorized the appeal made a case contemplated by the statute. They showed that the general offices of defendant were in Detroit; that David was the only agent or officer having charge of their business in Marquette county; and that the sickness of his wife was of such serious nature as to require his constant attention during the whole time allowed by law for taking an appeal in the ordinary way. Sickness of the party, or serious illness of a member of the family of the party, required by the law or practice to do certain acts within a specified time, is a sufficient excuse for non-performance of

the required act, where the law or practice authorizes the relief of such party from the effect of his default upon showing sufficient excuse.   Mr. David stands in the same relation to the proceedings as a natural person would if the proceedings were against him.

We think the showing was sufficient to give the court jurisdiction,

And the judgment must be affirmed.

The other Justices concurred.