JOHN CAPWELL v. GIFFORD BAXTER.

*Justice courts—Appeal after time has expired.*

1. An appeal from a justice may properly be allowed where the beaten party relied on his attorneys and they were honestly mistaken about the date of an adjournment, so that judgment was taken by default and they did not hear of it until the time for appealing had gone by. How. Stat. § 7005.

2. Costs were withheld where error was due to the fault of the party complaining of it.

Error to Clinton. (V. H. Smith, J.) Nov. 17.—Nov. 19.

Motion for leave to appeal. The moving party brings error. Reversed.

*Cook & Daboll* for appellant.

*Jacob L. McPeek* for appellee. The acts of an attorney, regularly employed, are binding upon the client in the ab-

sence of any fraud or collusion : *Wilcox v. Kassick* 2 Mich. 165 ; *Wieland v. White* 109 Mass. 392 ; *Moulton v. Bowker* 115 Mass. 36 ; *Lawson v. Bettison* 12 Ark. 401 ; *Smith v. Stewart* 6 Johns. 34 ; *Bogardus v. Livingstone* 2 Hill 236 ; and to obtain relief against a stipulation on the mere ground of mistake or oversight of the attorney, it must have been one which ordinary care and attention would not have guarded against : *Rogers v. Greenwood* 14 Minn. 333 ; *Read v. French* 28 N. Y. 285.

MORSE, C. J.   Defendant moved the circuit court for the county of Clinton for leave to appeal from a justice's judgment against him in favor of the plaintiff, after the expiration of five days from the rendition of the same, under How. Stat. § 7005.   The judgment against him was rendered March 16th, 1885, for $170 damages and $10 costs, before R. W. David, Esq., a justice of the peace in the township of Eagle.   Defendant resides in Dallas.   It appears that on the 18th of February, 1885, he employed Cook & Daboll, attorneys at St Johns, to defend this suit, and on the 20th of that month Cook appeared for him therein, and the cause was adjourned until March 2, 1885, without joining issue ; that said Cook informed him on the 20th of February that it would not be necessary for him to subpœna any witnesses or to take any steps in the cause until he was notified by his attorneys.   On the 19th of March, 1885, he was informed by them that the suit had been adjourned until the 26th day of that month.   Heard nothing about the matter after that until the 23d day of March, 1885, when said Cook notified him not to subpœna witnesses until further notice, as his attorneys had sent a stipulation to the attorneys for plaintiff adjourning the cause until April 22, 1885.   On the 25th of March he received a telegram from his attorneys not to go to Eagle till further notice ; that he wholly relied upon them to manage his suit, and rested upon their advice, not knowing anything about a judgment being taken therein until the 27th of March, 1885, when he was waited upon by a constable with an execution.   It was too late then to appeal, and he claims that he has a good defense on the merits to said

action, and that the circumstances bring him within the statute.

It appears satisfactorily to us that on the 2d day of March the suit was further adjourned by stipulation between Mr. Daboll and the plaintiff or his attorney; that the plaintiff understood the adjournment to be to March 16th, 1885, when judgment was taken, no one appearing for defendant; that Mr. Daboll understood the case was adjourned until March 26th, 1885, and that he and Mr. Cook learned nothing to the contrary until March 25th, the date of their telegram to defendant; that on the 22d of March, Mr. Cook wrote Mr. McPeek of Grand Ledge, the attorney of plaintiff, sending him a stipulation to further adjourn the suit until April 22, 1885, and in a reply to this letter, received March 25th, first learned of the rendition of this judgment.

It is not contended that there was any bad faith on the part of defendant or either of his attorneys. The defendant rested, as any other client would, upon the assurances of his attorneys that he need not prepare for trial until notified by them. The attorneys were honestly mistaken as to the date of the adjournment. When plaintiff or his attorneys first learned of this judgment it was too late for appeal. Under the circumstances, we think the plaintiff is entitled to relief.

The circuit court must grant him leave to appeal, but no costs will be allowed to either party in this Court.

The other Justices concurred.