JOHN A. COMBS v. EUGENE WILBER, CIRCUIT JUDGE OF SAGINAW COUNTY.

*Justices' courts—Appeal—Allowance.*

1. Where on an application for leave to appeal from a justice's judgment under How. Stat. § 7005, which provides that appeals may be allowed by the circuit court, or a judge thereof at chambers, after the expiration of five days, when the party making the appeal has been prevented from taking the same by circumstances not under his control, the only obstacle shown to perfecting the appeal by the service of the affidavit and bond is the absence of the justice, and it does not appear that the appellant could not have complied with How. Stat. § 7006, which provides that such affidavit and bond, in case of the absence from his dwelling-house of the justice, may be served on any member of his family of suitable age, the appellant fails to bring himself within the terms of the statute, and *mandamus* will lie to compel the dismissal of the appeal.[1]

---

[1] For cases bearing upon the proper construction of How. Stat. § 7005, which authorizes an appeal from justice's court where a party has been prevented from taking the same within the statutory time by circumstances not under his control, see:

1. *Draper v. Tooker*, 16 Mich. 74, holding:

a—That the statute does not give a general discretion to the circuit court to allow appeals in any case, after the five days, where, in their judgment, it would be equitable, or where the party has made a mistake, or drawn an erroneous inference.

b—That where, on the submission of a case, the justice states that he will take time in which to render his decision, but fixes on no particular day within the four days allowed him for final decision, the parties are bound to take notice when the judgment is rendered, and what the judgment is, and, if they wish to avail themselves of the whole five days for appealing, to inquire each day whether a judgment has been rendered; and that their failure so to do under the supposition that the justice will take the four

2. The provision of How. Stat. § 7006, that the appellant may pay the costs and fees to a member of the family of the justice, etc., need not be acted upon where such payment has been already made to the justice.

*Mandamus.* Argued January 16, 1894. Granted March 6, 1894.

Relator applied for *mandamus* to compel respondent to vacate an order allowing an appeal from justice's court. The facts are stated in the opinion.

*William G. Gage,* for relator.

*Beach & Gavit,* for respondent.

MONTGOMERY, J. Relator recovered judgment in justice's court on July 7, 1893, against Israel B. Sutton. July 12 —the last day for appeal—the defendant prepared a bond and affidavit, appended a justification taken before a notary public, and in the absence of the justice, who was out of the city, left the papers in the files of the case, which

days allowed him is not a circumstance not under their control, and will not authorize the allowance of an appeal under the statute.

2. *Braastad v. Iron Mining Co.*, 54 Mich. 258, 260, holding that the serious illness of a party or of a member of his family is "a circumstance not under his control," within the meaning of the statute; and that this rule is applicable to a case where the sickness of the wife of the only agent or officer having charge of the business of a corporation defendant in the county where the judgment was rendered was of such a serious nature as to require his constant attention during the whole time allowed by law for taking an appeal in the ordinary way.

3. *Capwell v. Baxter*, 58 Mich. 571, holding that an appeal may properly be allowed where the defeated party relied on his attorneys, and they were honestly mistaken about the date of an adjournment, so that judgment was taken by default, and they did not hear of it until the time for appealing had gone by; and see, in this connection, *Merriman v. Circuit Judge*, 96 Mich. 603, holding that where a contestant against the probate of a will employs an attorney in regular standing, and does all that he is required by the advice of his attorney to do to perfect his appeal, he ought not to lose his right to an appeal through the neglect or oversight of the attorney, where justice requires a revision of the case.

4. *McCaslin v. Camp*, 26 Mich. 390, holding:

*a*—That an application for the allowance of an appeal, although not a regular suit or action, is nevertheless a special proceeding

were found in the office of the justice. The fees had been previously paid by the defendant to the justice. The justice made a return to this appeal, but on motion the appeal was dismissed by the circuit court; and defendant thereupon made a motion for leave to enter a dilatory appeal, under section 7005,[1] How. Stat., which motion was granted by the circuit judge.

The section referred to provides that appeals may be allowed by the circuit court, or a judge thereof at chambers, after the expiration of five days, when the party making the appeal has been prevented from taking the same by circumstances not under his control. The only ground for saying that the defendant in this case was prevented from taking his appeal is that the absence of the justice was an obstacle to his perfecting the appeal. But section 7006, How. Stat., provides that the affidavit and bond or recognizance, in case of the absence from his dwelling-house of the justice by whom the judgment was rendered, may be served on any member of his family of

materially affecting the rights of a judgment creditor who has never been brought before within the jurisdiction, and the court cannot, therefore, obtain authority to assume any control over him, except in the same way in which it can get control over other respondents.

b—That in such cases it has not been unusual to obtain an order to show cause, when the court should see that abundant time is allowed to enable the party, after service, to prepare for the hearing, so as to make such showing as is needed, if he has any answer to the motion.

5. *Danville Stove & Manufacturing Co. v. Circuit Judge*, 88 Mich. 244, holding:

a—That service of notice of application for leave to appeal, made upon the opposite party without this State, confers no jurisdiction upon the circuit court to allow an appeal, nor is the requirement waived by an acceptance of service outside of the State.

b—That Act No. 73, Laws of 1891, which amends How. Stat. § 7005, by authorizing service upon the agent or attorney who appears for a party who obtains a judgment in justice's court, from which a special appeal is sought to be taken, of notice of all subsequent proceedings in the cause, is not retroactive.

6. *Vincent v. Bowes*, 78 Mich. 315, holding that *mandamus* is the only remedy by which to review the action of the circuit court in denying an application for leave to appeal under the statute.

[1] Amended by Act No. 73, Laws of 1891.

suitable age, and the costs and fees may be paid to such member of his family. It does not appear that the defendant could not have complied with this provision, and therefore it cannot be said that he was prevented by circumstances not under his control from taking the appeal.

It was suggested that he could not have complied with this statute fully, because the costs and fees had already been paid to the justice, and that, if he had attempted to proceed under this section, he would have been required to pay these costs and fees again. But we do not think the statute should be so construed. The provision that he may pay the costs and fees to a member of the family need not be acted upon when he has already complied with the requirement by paying the fees and costs to the justice.

This Court has repeatedly held that the granting of permission for a dilatory appeal is not a matter of discretion, but that, to justify such an order, the party must bring himself within the terms of the statute. This we think the appellant failed to do in the present case. See *Draper v. Tooker*, 16 Mich. 74; *Dale v. Lavigne*, 31 Id. 149.

*Mandamus* must issue as prayed.

The other Justices concurred.