POTTER *v.* LAPEER CIRCUIT JUDGE.

APPEALS FROM JUSTICE'S COURT—UNAVOIDABLE DELAY.

> Where one who had relied upon the assurance of his co-defendant, who was indebted to him, that he would seasonably perfect their appeal from a justice's judgment by payment of the necessary costs, discovered, on the last day for perfecting such appeals, that his co-defendant had been intentionally misleading him with the purpose of preventing an appeal, and thereupon himself made unsuccessful efforts to find the justice and perfect the appeal in time, he was within 2 How. Stat. § 7005, authorizing the circuit court to grant an appeal after the expiration of the regular time therefor where the party complaining "has been prevented from taking the same by circumstances not under his control."

*Mandamus* by Carrie Potter to compel George W. Smith, circuit judge of Lapeer county, to vacate an order allowing an appeal from justice's court. Submitted January 31, 1899. Writ denied March 14, 1899.

*R. L. Campbell*, for relator.

*H. W. Smith*, for respondent.

LONG, J.   *Mandamus* is asked to compel the court below to set aside an order allowing an appeal from justice's court after the lapse of five days.   The action was replevin, brought by the relator here against Richard Johnson and Ira R. Dodge.   On the trial in justice's court the plaintiff had judgment.   The defendants neglected to perfect an appeal within the five days allowed by statute, and thereafter defendant Johnson made application for the allowance of an appeal, setting up substantially that he was misled by his co-defendant, Dodge; that at this time he was working for said Dodge upon his farm; that Dodge represented that he would appeal said cause; that the affidavit and bond were filed with the justice; that, upon the last day the appeal could be perfected, he represented to Johnson that he was going to the office of the justice to pay the costs, as he was at that time indebted to Johnson; that Dodge did go to Imlay City, where the justice resided, and remained until very late in the evening, and when he returned he informed Johnson that he did not appeal the case; that Johnson immediately went to Imlay City, and called at the justice's office and at his residence, but was unable to find said justice, or to arouse any one at his house.   Johnson's affidavit further states that he "is informed and believes to be true that said Ira R. Dodge made these representations in order to prevent this deponent from appealing this case."   There was no counter showing, and, upon the showing made, the court below determined that Johnson was prevented from taking his said appeal by circumstances not under his control.

Section 7005, 2 How. Stat., provides:

"Appeals may be authorized by the circuit court or by the judge at chambers after the expiration of five days, when the party making the appeal has been prevented from taking the same by circumstances not under his control."

Sickness of the appellant or some member of his family has been held to be such a circumstance.   *Braastad* v.

*Iron Mining Co.*, 54 Mich. 258.  It has also been held that, where the party desiring to take the appeal has relied upon his attorneys, and they have been honestly mistaken as to the date of an adjournment, so that they did not become aware of the judgment until after it was too late to appeal, the party was prevented from taking an appeal by a circumstance not under his control.  *Capwell* v. *Baxter*, 58 Mich. 571.  What were the circumstances here?  The appeal had been so far perfected that the necessary bond and affidavit had been filed with the justice, and all that remained was the payment of the necessary costs.  Dodge had agreed with Johnson to go to Imlay City, and pay these costs.  He was owing Johnson, and Johnson relied upon him to make the payment.  Dodge went to Imlay City, and returned without making the payment.  At once Johnson attempted to perfect the appeal.  He went to Imlay City, but was there too late to find the justice.  Dodge was interested equally with Johnson in making the appeal, or at least Johnson had the right to believe he was.  When Dodge failed him, he did all in his power to make the appeal within the time allowed by the statute.  He was honestly mistaken in the matter; and, within the rule in *Capwell* v. *Baxter*, he was prevented from taking the appeal by circumstances not under his control.

The court was not in error, and the writ must be denied, with costs.

The other Justices concurred.