STANTON *v.* WAYNE CIRCUIT JUDGE.

JUSTICES OF THE PEACE — DILATORY APPEALS — ALLOWANCE BY CIRCUIT COURT.

> The provisions of the Detroit justices' act (No. 460, Local Acts 1895) for the allowance of appeals by the circuit court in certain cases where the amount involved would otherwise preclude such action confer no discretionary authority with

respect to dilatory appeals, but such appeals are governed by the general statute (1 Comp. Laws 1897, § 909), under which, to justify the granting of an appeal after the expiration of the statutory five days, it must be made to appear that the applicant has been prevented from taking the same by circumstances not under his control.

*Mandamus* by John J. Stanton to compel Joseph W. Donovan, circuit judge of Wayne county, to vacate an order allowing an appeal from a justice's judgment. Submitted May 14, 1901. Writ granted May 21, 1901.

*Clark, Durfee & Allor*, for relator.

*Henry M. Du Bois*, for respondent.

PER CURIAM. This is an application for a writ of *mandamus* to compel the circuit judge to vacate an order granting an appeal from justice's court when more than five days had elapsed after judgment. On March 27, 1901, plaintiff obtained a judgment before one of the justices of the peace in the city of Detroit against. C. T. Rogers & Sons for $36 damages, and $2 costs of suit. Eleven days thereafter defendant moved the circuit court for leave to appeal from said judgment because it was obtained without trial, because it was obtained by unjust and unfair means, and because the judgment is unjust. The motion was based upon the files and records of the justice's court, and the affidavits attached to the motion. Plaintiff denied that any of the reasons stated in the motion existed. The circuit judge granted leave to make the appeal. It was nowhere stated in the motion, or in the affidavits accompanying the same, that defendant had been prevented from making an application for an appeal within five days after judgment had been rendered, by causes not under its control.

The justices' court act of Detroit was construed in *Goldhamer* v. *Wayne Circuit Judge*, 107 Mich. 259 ( 65 N. W. 97 ), where it was held that the act does not give the circuit court discretionary power to allow an appeal

after the lapse of the five days prescribed by the general statute for taking appeals. The general statute provides that appeals may be authorized after the expiration of five days when the party making the appeal has been prevented from taking it by circumstances not under his control. 1 Comp. Laws 1897, § 909. This right is conferred only when the party has been prevented from appealing within the time by circumstances beyond his control. *Draper* v. *Tooker*, 16 Mich. 74; *Combs* v. *Saginaw Circuit Judge*, 99 Mich. 234 (58 N. W. 71).

The writ of *mandamus* will issue as prayed.