STOCK *v.* WAYNE CIRCUIT JUDGE.

| 143 | 339 |
|-----|-----|
| 144 | 683 |

Justices of the Peace—City of Detroit—Appeals—Time.
The circuit court of Wayne county has no authority to allow an appeal from a judgment of a justice of the peace of the city of Detroit more than five days after its rendition, unless the showing required by section 909, 1 Comp. Laws, is made.

Mandamus by Jerome K. Stock to compel Henry A. Mandell, circuit judge of Wayne county, to vacate an order allowing an appeal from a justice's judgment. Submitted January 30, 1906. (Calendar No. 21,513.) Writ granted March 13, 1906.

*Percy W. Grose* and *Henderson & Martindale,* for relator.

*Bowen, Douglas, Whiting & Murfin,* for respondent.

OSTRANDER, J. In this matter, the circuit court for the county of Wayne, by an order made more than five days after the rendition of judgment, and for reasons within the third subdivision of the provision of the statute hereinafter quoted, and without any showing that the moving party had been prevented from taking the appeal within five days by circumstances not under his control, authorized an appeal from a judgment rendered by one of the justices of the peace of the city of Detroit. An application to vacate said order was denied, and it is sought to compel vacation of the order by mandamus.

The general law (1 Comp. Laws, §§ 902–918) provides for appeals from judgments rendered by justices of the peace. Such appeal must be made within five days after the rendition of the judgment (section 903) unless (section 909) it is authorized by the circuit court or by the circuit judge at chambers after the expiration of five days when the party making the appeal has been prevented from taking the same by circumstances not under his control. The Detroit justices' courts act (Act No. 460, Local Acts 1895), governing appeals from judgments of justices of the peace of the city of Detroit, reads as follows:

"SEC. 10. No appeal shall be taken from any judgment of any justice of the peace in said city of Detroit, except in the following cases:

"*First.* When said justice shall disallow any claim in favor of any plaintiff or defendant in any cause in said justice's courts, in whole or in part, to the amount of fifty dollars.

"*Second.* When such justice shall render a judgment to the amount of fifty dollars, exclusive of costs. In either of which cases the party aggrieved may appeal.

"*Third.* Appeals may be authorized by the circuit court of the county of Wayne when the party making the appeal has been prevented from making a defense upon

the merits of the cause in which such appeal is taken by circumstances not under his control; and such appeal may also be authorized when justice requires that such appeal should be authorized; and in all cases where the party against whom such appeal is sought has appeared in said justice's courts by an attorney or agent it will be sufficient to serve such attorney or agent with the notices of all subsequent proceedings in such cause and all orders made therein by said circuit court may be served on said attorney or agent, and such service shall have the same effect as though made on the party against whom such appeal is taken."

This court held in *Goldhamer* v. *Wayne Circuit Judge*, 107 Mich. 259, a case in which an appeal had been authorized 19 days after judgment and in which the return stated that the appeal had been authorized for reasons stated in the third subdivision above set out, that the order authorizing such appeal should be vacated for the reason 'that the provisions of the act quoted could not be construed as giving the circuit court discretionary power with respect to dilatory appeals. In *Stanton* v. *Wayne Circuit Judge*, 126 Mich. 715, in which mandamus was granted to vacate an order allowing an appeal from a justice's judgment, the motion for leave to appeal was made 11 days after judgment, upon the ground that the judgment was obtained without trial by unjust and unfair means, and because the judgment was unjust. It was nowhere stated in the motion, or in the affidavits accompanying it, that defendant had been prevented from making an application for appeal within five days after judgment was rendered by causes not under its control. It was held that the act did not give the circuit court discretionary power to allow an appeal after the lapse of the five days prescribed by the general statute for taking appeals; that the right to appeal after five days existed only when the party had been prevented from appealing within the time by circumstances beyond his control. The justices' courts act of 1895 was repealed and an act substituted. Act No. 426, Local Acts 1901; Act

No. 475, Local Acts 1903. But the new acts re-enacted the section in question with an added subdivision as follows:

"*Fourth.* Under absolutely no circumstances shall any appeal be allowed or authorized after five days from the rendition of judgment, except as herein otherwise provided."

It is stated in the return made to the order to show cause, issued in this matter, that it has been supposed that by virtue of the fourth subdivision the circuit court for the county of Wayne had jurisdiction to authorize appeals more than five days after rendition of judgment when the reasons stated in the third subdivision were made to appear. If the words " except as herein otherwise provided " have any meaning, we are not able, by construction, to give them a meaning which will sustain the action of the court below. The entire provision for appeals bears some evidence of intention to restrict, rather than to enlarge, the right to appeal. Whether the provision of the fourth subdivison does or does not cut off the right to appeal, after five days, in any case and for any reasons, excepting those stated in the third subdivision, we are agreed that no appeal is provided for after five days unless the showing required by 1 Comp. Laws, § 909, is made.

The writ is granted.

CARPENTER, C. J., and McALVAY, HOOKER, and MOORE, JJ., concurred.