COSGROVE v. WAYNE CIRCUIT JUDGE.

1. MANDAMUS—PROPRIETY—ALLOWING APPEAL FROM JUSTICE'S COURT—REMEDY BY ERROR.

Mandamus will not lie to review the action of the circuit judge in allowing a delayed appeal from justice's court, there being an adequate remedy by writ of error.

2. COURTS—DECISIONS—STARE DECISIS.

Cases in which mandamus was improperly allowed, the impropriety of the remedy not being suggested, and not occurring to the court, are not precedents which the court is bound to follow when the impropriety of the remedy is urged in similar cases.

Mandamus by Frank J. Cosgrove to compel Morse Rohnert, circuit judge of Wayne county, to vacate an order allowing an appeal from a judgment of a justice of the peace. Submitted June 5, 1906. (Calendar No. 21,730.) Writ denied July 3, 1906.

*Eben R. Ayres*, for relator.

*Robert W. Webb*, for respondent.

PER CURIAM. On the 6th of December, 1905, relator obtained judgment against James D. Burns, sheriff of Wayne county, in the justice's court of the city of Detroit, for the sum of $418 damages and $1.75 costs. Respondent made an order granting said Burns leave to appeal from said judgment more than five days after its rendition upon a showing that he, said Burns, had been prevented from taking an appeal within said five days by circumstances not under his control. Relator by these proceedings seeks a mandamus compelling respondent to vacate said order upon the ground that he had no authority whatever to grant it.

The question arises whether this application for a mandamus is the appropriate method of redressing relator's grievance according to our recent decisions (*Michigan Mut. Fire-Ins. Co.* v. *Wayne Circuit Judge,* 112 Mich. 270; *Cattermole* v. *Ionia Circuit Judge,* 136 Mich. 274; *Sharp* v. *Montcalm Circuit Judge,* : ¦ante,| . 328 ), which hold that mandamus will not lie to review a ruling which may be reviewed by writ of error. If, as relator claims, respondent erred in making the order complained of, this is a case in which respondent has improperly assumed jurisdiction. It is quite clear that relator can raise this question by writ of error after final judgment, provided, of course, that he does nothing which waives his right to raise that question. See cases above cited. We are bound to hold, therefore, that relator can obtain adequate redress by writ of error, and that he is not entitled to a writ of mandamus.

It is true that we have granted the writ of mandamus to redress a grievance precisely like that asserted by relator. *Stock* v. *Wayne Circuit Judge,* 143 Mich. 339, is a recent instance. In this case—and I think the same may be said of all similar cases—the impropriety of that remedy was not suggested and did not occur to the court. Such decisions are not precedents which we are bound to follow. See *Moinet* v. *Burnham, Stoepel & Co.,* 143 Mich. 489; *Atwood* v. *Mayor, etc., of Sault Ste. Marie,* 141 Mich. 295.

The writ is denied.