PICKELL v. COATES.

JUSTICES OF THE PEACE—APPEALS—TIME—DELAY—LACHES.
An unexcused delay until November 4th after learning on August 21st that judgment was rendered against him on July 14th prevents appellant from taking advantage of the statute (section 909, 1 Comp. Laws) providing for delayed appeals, even if his failure to learn of the judgment before August 21st was caused by circumstances beyond appellant's control.

Error to Barry; Smith, J. Submitted November 13, 1906. (Docket No. 114.) Decided January 4, 1907.

Assumpsit in justice's court by Charles W. Pickell and Edmond L. Pickell, copartners as C. W. Pickell & Brother, against Jesse K. Coates upon certain promissory notes. There was judgment for defendant, and from an order denying a special appeal, plaintiffs bring error. Affirmed.

*Fred W. Walker*, for appellants.

*Thomas & Pryor*, for appellee.

HOOKER, J. The plaintiffs placed a claim against the defendant in the hands of a collection agency at Detroit for collection, who sent it to its correspondent, an attorney at Hastings, the home of defendant. He brought an action in justice's court, but was defeated. He wrote the collection agency without delay, asking if the plaintiffs wished to take an appeal. The letter was received and opened by a lady clerk, who was temporarily acting in the absence of their correspondence clerk, and she neglected to bring the matter to the attention of the manager until a week or so after the statutory period of five days had elapsed. Subsequently the manager informed the

plaintiffs, who directed an appeal, and the necessary papers for an application for leave to appeal were prepared. This motion was denied upon the ground that this was a case where tho injured party or his attorney was not misled as to the real situation, but one where by proper inquiry the real situation might have been ascertained. A final order. of denial being made, the cause is before us on error.

We need not decide whether these were circumstances beyond the control of the plaintiffs, and warranted a special appeal. It appears that the facts came to the knowledge of plaintiffs' attorney on July 24th. The information came to the plaintiffs about August 21st. The motion was made upon a petition signed and verified by plaintiffs' local attorney at Hastings, and was sworn to in November, 1905, notice being given to the defendant on November 4th. The affidavit of the plaintiffs was sworn to October 13th, and that of his attorney was October 24th. The clerk's affidavit was made on October 25th. It appears, therefore, that the manager of the collection agency waited four weeks after learning of the judgment before informing the plaintiffs, and plaintiffs waited over seven weeks thereafter before making their affidavit, and three weeks more elapsed before the petition was made and filed, making a period of nearly four months between the date of the judgment and the filing of the motion, and a period of ten or eleven weeks after plaintiffs were informed of the judgment against them.

The statute [section 902, 1 Comp. Laws] limits the right to take appeals from judgments of justices of the peace to five days. We may reasonably assume that this time was made so short to prevent delays in the enforcement of justice's court claims. The statute [section 909, 1 Comp. Laws] relieving parties who have been prevented from taking appeals by circumstances not within their control, should be considered a remedial statute, and while it should have a reasonable construction no construction should be adopted which does not take account of the evident inten-

tion of the legislature to require prompt action by the defeated party, if he would appeal. In this case the plaintiffs had information that judgment had been rendered against them on August 21st. Had this information come to them before the five days expired, it would have been necessary to show great diligence to excuse a failure to appeal. No laches would have been permitted, and while we might not be justified in laying down the rule that one who was prevented from appealing within the five days should be required to perfect his appeal within the same period after the removal of the impediment, we are of the opinion that an unexcused delay from August 21st to November 4th does not permit of the application of the statute. In his letter of July 14th, the local attorney wrote that he must receive directions by July 18th, at which time he would be obliged to pay the costs and appeal. This came to counsel's attention July 24th, and no reason is given for withholding information to the plaintiffs, and if this delay cannot be chargeable to the plaintiffs, it should have inspired them with diligence, when it did reach them. Yet they did not see that a motion was filed for nearly three months thereafter, and no reasonble excuse is given for such delay.

This was such laches as to preclude the relief asked. The order is affirmed.

McALVAY, C. J., and GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.