*In re* APSEY'S ESTATE.

APSEY *v.* DE YOUNG.

APPEAL AND ERROR—PROBATE APPEALS—DELAYED APPEAL—IN-
TERLOCUTORY ORDERS.

   A writ of error brought to review the order of a circuit court
   granting leave to appeal from the admission to probate of a
   will, after the time limited by statute, will be dismissed by
   the court on its own motion; since the order in question is
   merely interlocutory.

Error to Kent; Perkins, J. Submitted November 13,
1912. (Docket No. 60.) Decided December 17, 1912.

Alvin Apsey and another presented for probate an in-
strument purporting to be the last will of John Apsey, de-
ceased. Jane A. DeYoung and other contestants asked
leave to prosecute a delayed appeal from an order admit-
ting the will to probate. An order granting the petition
is reviewed by proponents on writ of error. Writ dis-
missed.

*J. T. Preston* (*Charles E. Ward*, of counsel), for ap-
pellants.

*Grove & Davis*, for appellees.

PER CURIAM. Petitioners and appellees applied to the
circuit court for leave to appeal from an order of the pro-
bate court admitting to probate an instrument purporting
to be the last will and testament of John Apsey. An or-
der was made requiring appellants and others to show
cause why the prayer of petitioners should not be granted.
Many affidavits were filed and were considered by the
court, and an order was made granting the right to appeal.
Appellants sued out a writ of error to review this order

and determination, and have brought here the record made upon the said application for leave to appeal. The briefs do not discuss the practice which has been pursued, all parties appearing to be willing, if not desirous, to have this court in this proceeding approve or disapprove of the action of the trial court. At the hearing in this court it was suggested to the attorney for appellee, who alone appeared here, whether appellants had not mistaken their remedy.

Formerly such orders were reviewed in mandamus proceedings. The frequency with which the writ was applied for, the delays occasioned by such reviews, and the difficulty of formulating governing rules of decision were reasons which led this court to refuse to grant, as it formerly had done, its orders to show cause in cases in which the circuit court had permitted the delayed appeal to be made and was asserting jurisdiction to hear and determine the issues involved in the appealed cause. *Cosgrove* v. *Wayne Circuit Judge*, 144 Mich. 682 (108 N. W. 361). In the opinion filed in the case just cited, it is pointed out that, if a party is content to stand upon the objections raised to the order permitting the appeal, he may do so, and, after final judgment, may review the ruling on error. If he is not satisfied that his objections are sound, he will probably waive them, proceeding to a trial upon the merits. In any event, final determination of the cause is expedited, and no rights are waived, unless voluntarily. In no case has this court reviewed the interlocutory proceeding on writ of error.

The writ of error will be dismissed. Under the circumstances, we award no costs to either party.