HUDDLESTON v. CHARLES AMOS & CO.

1. JUSTICES OF THE PEACE—PETITION FOR APPEAL—DELAY.

Under the provisions of Act No. 475, Local Acts 1903, providing for appeals from justice's court in Wayne county after the lapse of five days from the date of judgment, it was proper to deny defendant's motion for leave to appeal, upon a showing that the officers of defendant corporation knew a suit had been commenced, and process was regularly served upon the secretary who gave the summons to a subordinate with instructions to hand to the president, the employee failing to carry out the request.

2. MANDAMUS—APPEAL AND ERROR—APPROPRIATE REMEDY.

The proper remedy to review the refusal of the circuit court to grant an appeal from justice's court after five days have elapsed from the date of judgment, is mandamus, not error; but in the absence of any objection to the form of remedy chosen by appellant the court may pass on the merits of the objections or points sought to be reviewed.

Error to Wayne; Murphy, J. Submitted January 21, 1914. (Docket No. 74.) Decided April 7, 1914.

Trespass on the case in justice's court by Orville Huddleston against Charles Amos & Company, a cor-

poration, for personal injuries. From an order deny-
ing defendant's petition for leave to appeal, it brings
error. Affirmed.

*Henry C. L. Forler,* for appellant.

*Thomas L. Dalton,* for appellee.

STEERE, J. Defendant seeks in this case to obtain
a review and reversal of an order made by the Wayne
county circuit court dismissing defendant's petition
for leave to appeal, after the expiration of five days,
from a judgment rendered against it in a justice's
court of said county.

Defendant's assignments of error are:

"*First.* The court erred in dismissing the plaintiff's
(defendant's) petition to appeal after the expiration
of five days.

"*Second.* The court erred in making an order dis-
missing the plaintiff's (defendant's) petition, for the
reason that the facts do not support such a verdict."

The reasons given in defendant's petition why said
leave should be granted are that justice requires it,
and that defendant was prevented from taking an ap-
peal within the time allowed through no fault or
neglect of its own and by circumstances not under its
control.

The action upon which judgment was rendered and
from which an appeal is sought was commenced be-
fore a justice of the peace of the city of Detroit on
May 2, 1913, by a summons returnable May 9, 1913,
between Orville Huddleston, plaintiff, and Charles
Amos & Co., defendant, to recover damages for in-
juries received by plaintiff while in defendant's em-
ploy. On the return day there was no appearance by
defendant, and the cause was adjourned to May 16th,
at which time also defendant failed to appear, and,
after hearing proofs, judgment by default was ren-
dered for plaintiff in the sum of $500 damages and

$1.75 costs. A petition for leave to appeal was filed and presented to the court on June 3, 1913, and, after hearing, denied. A second petition, and the one sought to be reviewed here, was presented to the court on June 10, 1913, which was also denied.

The general law relative to appeals from justice's court limits the time for taking appeals from judgments rendered therein to five days, unless the circuit court or circuit judge at chambers shall authorize an appeal after the expiration of that time, where it appears the party desiring to appeal has been prevented from doing so by circumstances not under his control. Analogous to the general law, section 22 of Act No. 475, Local Acts 1903, relative to justices' courts in the city of Detroit, beginning with the prohibition that: "No appeal shall be taken from any judgment of any justice of the peace in said city of Detroit, except in the following cases"—contains the following provision, upon which defendant relies:

"Appeals may be authorized by the circuit court of the county of Wayne, when the party making the appeal has been prevented from making a defense upon the merits of the case in which such appeal is taken by circumstances not under his control; and such appeal may also be authorized when justice requires that such appeal should be authorized."

The fourth and last subdivision of said section, relative to appeals, provides:

"Under absolutely no circumstances shall any appeal be allowed or authorized after five days from the rendition of judgment, except as herein otherwise provided."

The record returned to this court contains the petition supported by affidavits, counter affidavits, and testimony taken before the court at the hearing of said petition. These present certain rather sharply drawn issues of fact for the court to pass upon, if

the question of whether justice required allowance of the appeal is involved.

The substance of the showing made by defendant, under the claim that circumstances beyond its control prevented its appeal, is as follows: Defendant was a corporation doing business in the city of Detroit; Charles Amos being its president, and Mrs. Charles Amos its secretary. The record only discloses the nature of its business inferentially; it being shown plaintiff was in its employ as a structural ironworker; its board of directors was composed of three members, Amos and wife constituting a majority of said board, and in active control and management of the business, the third member being their attorney; that the summons in this case was served upon Mrs. Charles Amos at the office of defendant while she was in charge, Charles Amos being at that time out of the city; that Mrs. Amos turned said summons over to the bookkeeper, with instructions to deliver it to Mr. Amos on his return, which was neglected; that Mr. Amos first learned of said suit and judgment on the 29th of May, 1913, while searching records in the justice's court, looking up other suits in which defendant was interested.

Against this it is shown that early in the history of the case plaintiff's attorney notified defendant that he was retained and action was contemplated, whereupon he was referred to defendant's attorney, who was also one of the directors, and who, acting for the company, proposed terms of settlement, but a few days later reported defendant had refused to ratify the same and would do nothing in the matter, following which action was begun.

Plaintiff deposed that on the 4th or 5th of May, 1913, he met Mr. Amos, president of defendant, who stated that the attorneys were trying to job the company out of $100, that it had never paid for any one

getting hurt yet, and he would like to see plaintiff get anything out of it, whereupon plaintiff replied that he had started a suit against the company and he would have a fight on his hands. On his examination at the hearing, Amos testifies as to this notice:

"I met Mr. Huddleston, the plaintiff. He came into our yard and said a suit had been started, but did not say anything else that I remember. That was before the 19th of May, but I could not say the exact date. * * *
"Q. You understood the suit had been started at that time?
"A. Yes, sir; I understood him to say that."

In regard to this he says:

"I paid no attention to the statement, because I did not think it was necessary to consider anything but a summons into court."

The testimony of Mrs. Amos, the secretary, indicates that she was quite actively connected and familiar with the business of defendant, doing all the estimating, billing, making payrolls, and paying the men. She testifies:

"I was not the general head of the business; I am the efficient head. * * * Mr. Amos has full charge of the business. He has been away three or four weeks at a time, and I have taken care of the business in his absence. * * * In the absence of Mr. Amos, I do the business."

As to her knowledge of the import of a summons, she states:

"I have been served with garnishee summons and have been in court, but never served with any summons. This is the first summons I had ever had."

From the foregoing it appears, uncontroverted, that all the directors of defendant had early notice that this action was imminent, and the president and secretary, its executive officers, that it had actually

been commenced, in ample time to have appeared and made such defense as was desired. Legal, personal service was duly made on the secretary of defendant in its office, while she was in charge of and conducting its business as "the efficient head." The fact that, instead of putting it in the hands of their attorney, or herself giving it to the president on his return, she turned it over to a subordinate, who neglected to follow her instructions, cannot legally amount to, nor be construed as, a circumstance beyond the control of the company of which she was secretary and a director. The trial court rightly so held, and said: "I cannot deal with the equities; I must deal with it as a matter of strict legal right."

Defendant's counsel urge that such strict construction is not in harmony with the tendency of former decisions of this court which hold the statute relative to appeals from justice's court is remedial in character, and should be liberally construed, citing *Braastad* v. *Mining Co.*, 54 Mich. 258 (20 N. W. 43) ; *Capwell* v. *Baxter*, 58 Mich. 571 (25 N. W. 493) ; *Potter* v. *Lapeer Circuit Judge*, 119 Mich. 522 (78 N. W. 536) ; *Jackson* v. *Jackson*, 135 Mich. 549 (98 N. W. 260) ; *Pickell* v. *Coates*, 147 Mich. 53 (110 N. W. 125).

Without reviewing them in detail, it can be said of all those cases that they deal with the general statute and none of them presents a state of facts analogous, as a whole, to those disclosed here. While certain of the cases may suggest a liberal construction of the statute, we cannot construe them as authority for the proposition that in passing upon the issue of circumstances beyond defendant's control, the court will vary its findings of facts or circumstances according to disclosed equities. If important to determine here we are not prepared to find that the showing made at the hearing as to the equities is such as to impel a court to grant the appeal because justice requires it.

In this case we are dealing with the local act relative to justices' courts in the county of Wayne, in which somewhat different and more restrictive language is used than that found in the general act. In *Stock* v. *Wayne Circuit Judge,* 143 Mich. 339 (106 N. W. 897), which also cites previous decisions of this court touching the statute under consideration, it is said:

"The entire provision for appeals bears some evidence of intention to restrict, rather than to enlarge, the right to appeal. Whether the provision of the fourth subdivision does or does not cut off the right to appeal, after five days, in any case and for any reasons, excepting those stated in the third subdivision, we are agreed that no appeal is provided for after five days unless the showing required by 1 Comp. Laws, § 909, is made."

Under the general statute it is held not to have been the intent to confer upon the court unlimited discretion to allow appeal after five days in any case where, in the judgment of the court, it would be equitable, but it must first be satisfactorily established, before the court can go further, that the party desiring to appeal has brought himself within the terms of the statute. *Draper* v. *Tooker,* 16 Mich. 74; *Combs* v. *Saginaw Circuit Judge,* 99 Mich. 234 (58 N. W. 71). Had it been shown to the satisfaction of the court in this case that lack of proper notice, physical causes, or other uncontrollable circumstances, without fault or neglect on the part of defendant, prevented it from appealing within the five days, thus bringing it within the provisions of the statute, then the limited discretion of the court might have been applied, on the showing made as a whole, to determining whether justice required that the dilatory appeal should be granted.

While we have in this instance concluded to consider the ruling complained of on a writ of error, no

question having been raised in the record as to its propriety, this case is not to be regarded as a precedent, or an indorsement of that remedy in cases where the court has refused to take jurisdiction and denied the appeal.

Where the court has taken jurisdiction and proceeded with the case, the aggrieved party may by proper objection save the question, which can and should be raised by writ of error after final judgment; but where a final order is made refusing jurisdiction, as we have here, mandamus is the appropriate remedy. This distinction should be borne in mind and adhered to. Although it must be recognized that cases are to be found where, objections not being raised, the impropriety of the remedy has been overlooked by the court, on both contingencies.

The converse of the question here presented is discussed and cases cited in *Cosgrove* v. *Wayne Circuit Judge*, 144 Mich. 682 (108 N. W. 361), and *Mikkola* v. *Houghton Circuit Judge*, 165 Mich. 583 (130 N. W. 1118), which hold that a writ of error is the proper course where the circuit court has taken jurisdiction. It is unnecessary to here repeat what is there said or again review the cases there cited.

In *Vincent* v. *Bowes*, 78 Mich. 315 (44 N. W. 276), it is held that where the circuit court denies an appeal and by final order declines to take jurisdiction, such action can only be reviewed on mandamus. In *Capwell* v. *Baxter*, 58 Mich. 571 (25 N. W. 493), and *Pickell* v. *Coates*, 147 Mich. 53 (110 N. W. 125), the question of a final order denying an appeal appears to have been raised by writ of error, and, in the absence of objection, passed upon by this court. It may, perhaps, be said of those cases, as was said of *Stock* v. *Wayne Circuit Judge*, 143 Mich. 339 (106 N. W. 897), in *Cosgrove* v. *Wayne Circuit Judge*, *supra*, "the impropriety of that remedy was not suggested and did not occur to the court." In view of

the possibility that counsel may have been misled by those cases we have considered the questions raised by this writ, but neither those cases nor this are to be taken as approving authority for the remedy resorted to here.

We conclude that defendant failed to bring itself within the provisions of the statute, and the circuit court rightly denied the appeal petitioned for.

The order of the circuit court is therefore affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred.