SELBY *v.* BRADING.

1. JUSTICES OF THE PEACE—DELAYED APPEAL—WHEN PERMISSIBLE.
    Under the provisions of the judicature act dealing with appeals from justices' courts (3 Comp. Laws 1915, § 14408), the circuit courts are not given general discretion to allow appeals in any case after the expiration of five days, where, in their judgment, it would be equitable, but that discretion is limited to that class of cases in which appellant was prevented from appealing within five days by circumstances beyond his control.

2. SAME—SUFFICIENCY OF SHOWING—JURISDICTION.
    A showing by the garnishee defendant that its secretary wrote the justice a letter denying any liability to the principal defendant, but made no sworn disclosure, and

did nothing further until after the judgment was entered and the time for appeal had expired, *held*, insufficient to confer jurisdiction on the circuit court to grant an appeal.

Error to Muskegon; Vanderwerp (John), J. Submitted April 28, 1922. (Docket No. 90.) Decided June 5, 1922.

Garnishment proceedings in justice's court by James Selby against Anna Brading, principal, and the Amazon Knitting Company, garnishee defendant. There was judgment for plaintiff, and the garnishee defendant appealed to the circuit court. Judgment for garnishee defendant. Plaintiff brings error. Reversed, and judgment entered for plaintiff.

*George H. Cross*, for appellant.

*Cross, Foote & Sessions*, for appellee.

Plaintiff brought suit in justice's court in the city of Muskegon against the principal defendant, Anna Brading, and recovered judgment August 6, 1921, for $125 and $3.75 costs, which judgment was not paid or appealed from. August 12th garnishee proceedings were instituted against Amazon Knitting Company, a corporation. It filed a sworn disclosure denying any liability to the principal defendant. On October 14th, another garnishee proceeding was instituted against the same garnishee defendant, and the garnishee summons was properly served. The secretary wrote the justice that the company did not owe its employee, the principal defendant, anything, but no sworn disclosure was filed, and the garnishee defendant did not appear on the return day of the garnishee summons. Pursuant to the statute (3 Comp. Laws 1915, § 14392) the case was adjourned three days to give the corporation opportunity to show cause, and no cause being shown and the

garnishee defendant not appearing, the justice on the third secular day rendered judgment against the garnishee defendant for the amount of the judgment. No question of the regularity of these proceedings is raised. On November 4th, the secretary of the garnishee defendant was notified of the judgment by a deputy sheriff who held the execution thereon, the time for appeal having expired. Shortly thereafter application for leave to take a delayed appeal was filed, and upon a hearing was granted. Plaintiff's counsel denying that the circuit court had acquired jurisdiction declined to participate in the trial in the circuit, and properly saved for review here the question of the validity of the delayed appeal. Judgment was entered in the circuit for the garnishee defendant.

FELLOWS, C. J. (*after stating the facts*). In section 8 of the chapter of the judicature act dealing with appeals from justices' courts (3 Comp. Laws 1915, § 14408), it is provided:

"Appeals may be authorized by the circuit court, or by the circuit judge at chambers, after the expiration of five days, when the party making the appeal has been prevented from taking the same by circumstances not under his control."    *    *    *

This re-enacts former provisions which have many times received the consideration of this court. The sole question in the instant case is whether this defendant has brought itself within the provisions of this statute. The affidavit of its secretary upon which the delayed appeal was granted details the first garnishee proceedings and the filing of the sworn disclosure therein, the service of the garnishee summons in the second proceedings on the 14th of October, 1921, sets up a copy of the letter to the justice stating that the company did not owe the principal defendant anything, which letter the affiant calls a disclosure but states that it was not sworn to, and then states:

"This deponent further says that after the disclosure of October 14th was filed this deponent immediately dismissed the matter from his mind, supposing that it was entirely taken care of and that there was nothing further to be done."

The affidavit then recites that deponent's attention was not called to the matter again until the execution was presented to him by the deputy sheriff, that he then saw the justice and plaintiff's attorney but was unable to get relief from them, and that the company did not owe the principal defendant anything at the time the garnishee summons was served on him. To recapitulate: The showing was that upon the service of the garnishee summons the secretary wrote a letter to the justice denying liability to the principal defendant, and then dismissed the matter from his mind and did nothing further until after the judgment was entered and the time for appeal had expired.

In the early case of *Draper* v. *Tooker*, 16 Mich. 74, where this statute was under consideration, it was said by Mr. Justice CHRISTIANCY, speaking for the court:

"It is quite clear that the statute did not intend to give a general discretion to the circuit court to allow appeals in any case after the five days, where, in their judgment, it would be equitable, or when the party had made a mistake, or drawn an erroneous inference; but that by the restrictive language used, the intention was to confine that discretion to the class of cases in which the appellant had been prevented from appealing within the five days by circumstances beyond his control. The discretion is, therefore, confined to cases falling within this class."

This court has quite consistently followed the rule here announced. *Stanton* v. *Wayne Circuit Judge*, 126 Mich. 715; *Stock* v. *Wayne Circuit Judge*, 143 Mich. 339; *Graham* v. *Wayne Circuit Judge*, 143 Mich. 360; *Goldhamer* v. *Wayne Circuit Judge*, 107 Mich.

259; *Anderson* v. *Wartenberg,* 196 Mich. 529; *Huddleston* v. *Charles Amos & Co.,* 180 Mich. 253; *Combs* v. *Saginaw Circuit Judge,* 99 Mich. 234; *Feldman* v. *Zimmerman,* 208 Mich. 240. In the case of *Combs* v. *Saginaw Circuit Judge, supra,* it was said:

"The section referred to provides that appeals may be allowed by the circuit court or a judge thereof at chambers, after the expiration of five days, when the party making the appeal has been prevented from taking the same by circumstances not under his control. The only ground for saying that the defendant in this case was prevented from taking his appeal is that the absence of the justice was an obstacle to his perfecting the appeal. But section 7006, How. Stat., provides that the affidavit and bond or recognizance, in case of the absence from his dwelling-house of the justice by whom the judgment was rendered, may be served on any member of his family of suitable age, and the costs and fees may be paid to such member of his family. It does not appear that the defendant could not have complied with this provision, and therefore it cannot be said that he was prevented by circumstances not under his control from taking the appeal. * * *

"This court has repeatedly held that the granting of permission for a dilatory appeal is not a matter of discretion, but that, to justify such an order, the party must bring himself within the terms of the statute. This we think the appellant failed to do in the present case."

*Vincent* v. *Bowes,* 78 Mich. 315, is cited to us as holding that the granting of such leave is discretionary. That case does so hold. It is the only case so holding which we have been able to find in the time at our disposal. In so holding it is out of line with the other decisions of this court. But the language there used was not necessary to decision and must be regarded as *obiter dictum* and not controlling.

This statute has been recognized as affording relief to those parties who have been prevented from taking

an appeal seasonably by circumstances not under their control. Thus serious illness of a member of a party's family furnishes grounds for bringing the statute in use (*Braastad* v. *Mining Co.*, 54 Mich. 258) ; likewise reliance upon one's attorney (*Capwell* v. *Baxter*, 58 Mich. 571) ; reliance upon a co-defendant to perfect the appeal (*Potter* v. *Lapeer Circuit Judge*, 119 Mich. 522) ; want of notice and absence from the State (*Jackson* v. *Jackson*, 135 Mich. 549). But these cases would not justify us in sustaining the right to a delayed appeal in the instant case. Here the defendant was served with process. All it did in response to that process was to write a letter to the justice denying liability. If under these circumstances we hold that defendant has been prevented from taking the appeal by circumstances not under its control it is difficult to perceive under what circumstances a delayed appeal could be refused. We recognize that the garnishment statute affords a harsh remedy, but one who strictly follows its provisions is entitled to its benefits as well as other remedies. Defendant here is in no better position than would be any defendant served with process who thought he was unjustly sued and who wrote a letter to the justice denying liability and then took no further steps to protect his rights. He may have had a complete defense, but the justice's court was the place and the return day was the time to assert it. He can not utterly fail to protect his own rights and after it is too late to appeal from an adverse judgment claim that he has been prevented from taking the appeal by circumstances not under his control.

The circuit court did not acquire jurisdiction by these proceedings and its judgment must be reversed and that of the justice affirmed.

WIEST, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.