FELDMAN v. ZIMMERMAN.

1. CIRCUIT COURT COMMISSIONERS—APPEALS—TIME — JUSTICES OF THE PEACE—STATUTES.

The time within which appeals may be taken from circuit court commissioners, being the same as from justices' courts, under 3 Comp. Laws 1915, § 13252, is limited to five days by 3 Comp. Laws 1915, §§ 14402, 14403, 14406, and the circuit court has no discretionary power to allow an appeal after the expiration of that time except where an application is made for a delayed appeal under section 14408.

2. SAME—STATUTES—CONSTRUCTION—WRIT OF RESTITUTION.

Act No. 243, Pub. Acts 1917, amending 3 Comp. Laws 1915, § 13253, construed, and *held*, not to extend the time from 5 to 30 days within which an appeal might be taken from the judgment of the circuit court commissioner in the case of a proceeding upon an executory contract for the purchase of land, but that the legislative intent was to extend the time within which a writ of restitution might not be issued to 30 days.

Error to Wayne; Goff (John H.), J. Submitted October 22, 1919. (Docket No. 117.) Decided December 22, 1919.

Summary proceedings by Samuel Feldman and another against Fred C. Zimmerman and another for the possession of certain real property. There was judgment of restitution, and defendants appealed to the circuit court. Judgment for defendants. Plaintiffs bring error. Reversed, and appeal dismissed.

*William Friedman* (*Morris Garvett*, of counsel), for appellants.

*Rood & Visscher*, for appellees.

BROOKE, J. A single controlling question was presented for determination upon this record. Plaintiffs, on March 12, 1919, brought suit before Samuel L. May, circuit court commissioner, to recover possession of certain premises described in the pleadings from said defendants. Judgment of restitution was rendered by said circuit court commissioner on March 28, 1919. An appeal was perfected by defendants and bond filed on April 25, 1919, 28 days subsequent to the date of judgment. The statute touching appeals from circuit court commissioners, 3 Comp. Laws 1915, § 13252, provides in part:

"Either party conceiving nimself aggrieved by the determination or judgment of the commissioner, or other officer, made or rendered under the provisions of this chapter, may appeal therefrom to the circuit court for the same county, within the same time, in the same manner, and return may be compelled, and the same proceedings shall be thereon had, as near as may be, and with the like effect, as in cases of appeals from judgments rendered before justices of the peace, and costs shall be awarded and collected in the circuit court in the same manner." * * *

The law relative to appeals from justices' courts, 3 Comp. Laws 1915, § 14402, provides:

"The party appealing under the provisions of the preceding section shall, within five days after the rendition of the judgment, present to the justice an affidavit made by himself, his agent, or attorney, before any person authorized to administer oaths, stating that such judgment is not in accordance with the rights of such party, as the person making such affidavit verily believes." * * *

Section 14403 provides:

"The party appealing under the provisions of the preceding section shall also, within five days after the rendition of the judgment, deliver to the justice a bond or recognizance to the adverse party, in conformity with the following provisions:" * * *

Section 14406 provides:

"The appellant shall, within the said five days, in addition to the making and filing of an affidavit and bond, pay to the justice the taxable costs of the prevailing party, together with the sum of one dollar for making his return to said appeal, and the further sum of three dollars as clerk and entry fee," etc.

Section 14408 provides that:

"Appeals may be authorized by the circuit court, or by the circuit judge at chambers, after the expiration of five days, when the party making the appeal has been prevented from taking the same by circumstances not under his control." * * *

We have repeatedly held that the circuit court has no discretionary power to allow appeals from justice's court after the expiration of 5 days provided by statute. Such right exists only where the party desiring a delayed appeal makes application under the provisions of section 14408, *supra; Anderson* v. *Wartenberg,* 196 Mich. 529, and cases cited.

In the case at bar no application for a delayed appeal was made. It is the contention of counsel for

defendants that their appeal was seasonably taken. Section 25, chapter 30, 3 Comp. Laws 1915, § 13253:

"No writ of restitution shall be issued under the provisions of this chapter, until the expiration of five days after the entry of judgment of restitution; and in case of an appeal within that time, no writ of restitution shall issue until such appeal be determined in the circuit court; and in case it is found that the plaintiff is entitled to the possession of the premises, in consequence of the nonpayment of a sum of money, no writ of restitution shall issue, if the defendant shall, within five days after final judgment, pay the amount so found due, and the amount of costs awarded to the said plaintiff."

By Act No. 243 of the Public Acts of 1917 said section was amended to read in part as follows:

"No writ of restitution shall be issued under the provisions of this chapter, until the expiration of five days, or in the case of a proceeding upon any executory contract for the purchase of real estate until the expiration of thirty days after the entry of judgment of restitution; and in case of an appeal within that time, no writ of restitution shall issue until such appeal be determined in the circuit court."  *  *  *

Counsel for defendants insist that by this amendment the time during which a dissatisfied litigant may appeal from the judgment of the circuit court commissioner, "in the case of a proceeding upon any executory contract for the purchase of real estate," is extended from 5 to 30 days. We are unable to agree with this construction of the statute. It is to be noted that the preceding section 13252, 3 Comp. Laws 1915, (section 24, chapter 30) deals with the right and limitations on the right of appeal. The next section deals only with the question of when a writ of restitution may issue. By amendment it extends the time from 5 to 30 days within which such writ may not issue. The words "that time" in the concluding language,—

"and in case of an appeal within that time, no writ of restitution shall issue until such appeal be determined in the circuit court,"

should be construed to refer to the 5-day period instead of to the 30-day period. In other words, there is apparent no intention to change the section relative to appeals but it was the legislative intent in cases of proceedings upon executory contracts for the purchase of real estate to extend the period within which a writ of restitution might not be issued to 30 days.

Upon the trial the plaintiff moved to dismiss the appeal because not seasonably taken, excepted to the overruling of said motion and assigned error upon the action of the court thereon.

The judgment is reversed and the appeal from the circuit court commissioner to the circuit court is dismissed.

BIRD, C. J., and SHARPE, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.