KOWALSKY v. WAYNE CIRCUIT JUDGE.

1. APPEAL AND .ERROR—ALLOWANCE OF APPEAL NOT DISCRETIONARY
   —DELAYED APPEAL—STATUTES.
   While discretionary power to allow an appeal does not
   exist, a delayed appeal may be allowed upon a showing
   that one has been prevented from taking the same by
   circumstances not under his control, under 3 Comp. Laws
   1915, § 14408.

2. SAME—ATTORNEY AND CLIENT—EFFECT OF ATTORNEY'S FAILURE
   TO APPEAL.
   Failure of an attorney, who is an officer of the court
   licensed to represent others in suits and therefore amen-
   able for wilful neglect, to take an appeal may be a cir-
   cumstance beyond the control of a client authorizing a
   delayed appeal under the statute.

3. SAME—DELAYED APPEAL—CIRCUMSTANCE BEYOND CONTROL.
   Where defendant entrusted her husband with the money
   to satisfy a claim against her, and she did not learn
   that he had betrayed her trust and used the money for
   other purposes until the time for appeal had .passed,
   there was no such showing of a circumstance beyond her
   control as warranted the granting of a delayed appeal
   under the statute.

4. SAME—SICKNESS AS REASON FOR GRANTING DELAYED APPEAL—
   SUFFICIENCY OF SHOWING—AFFIDAVIT OF PHYSICIAN.
   Although severe sickness preventing an appeal has been
   recognized as a reason for allowing a belated appeal,
   the trial court was not in error in denying a motion
   for a delayed appeal on an affidavit of a physician show-
   ing no more than that defendant was continuously ill
   and under his care between certain dates, where it did
   not state the nature of the illness nor the extent to which
   it incapacitated her from attending to her affairs.

Mandamus by Minnie Kowalsky to compel Adolph
F. Marschner, circuit judge of Wayne county, to grant

an order for a delayed appeal. Submitted December 12, 1922. (Calendar No. 30,560.) Writ denied December 29, 1922.

*Samuel Shapero,* for plaintiff.

*Butzel, O'Brien, Levin & Winston (Marvin B. Gringold,* of counsel), for defendant.

WIEST, J. Plaintiff asks for a writ of mandamus directing defendant to grant her leave to appeal from a judgment in a summary proceeding before a circuit court commissioner. She claims she was prevented from taking an appeal within the period of right by circumstances beyond her control; that the day the summons was served she became ill and was confined to her home about 18 days; that she gave her husband the amount of money she claimed due the plaintiff in the proceeding before the commissioner, and instructed him to go and make payment, and also handed him the summons; that her husband assured her he had made the payment and the suit had been dismissed, and 24 days later admitted he had used the money and paid no attention to the suit. Plaintiff's motion for leave to appeal was denied.

Discretionary power to allow an appeal does not exist. *Selby* v. *Brading,* 218 Mich. 667. An appeal may be allowed upon a showing that one has been prevented from taking the same by circumstances not under his control. 3 Comp. Laws 1915, § 14408. Severe sickness preventing an appeal has been recognized as a reason for allowing a belated appeal. *Bearse* v. *Aldrich,* 40 Mich. 529; also severe sickness of a member of the family demanding constant attendance. *Braastad* v. *Mining Co.,* 54 Mich. 258.

In *Capwell* v. *Baxter,* 58 Mich. 571, an appeal was allowed where the party relied on his attorneys and they were honestly mistaken as to the date of trial.

In *Huddleston* v. *Charles Amos & Co.*, 180 Mich. 253, it was held that the failure of an employee to hand the summons to the president of the company, as directed by the secretary, and such neglect led to failure to follow the course of the case, did not constitute a circumstance beyond the control of the company. Plaintiff gave her husband $325, and the commissioner found $990.30 to be the amount due. The reason why one may rely upon action by an attorney is apparent. An attorney is an officer of the court, licensed to represent others in suits, and when employed to look after a client's interests he is amenable for wilful neglect. Plaintiff selected her husband to look after her rights and he betrayed the trust, and that fact is urged as a circumstance beyond her control authorizing a belated appeal. We cannot accept plaintiff's unfortunate selection of her emissary, and his dereliction, as a circumstance beyond her control. If an attorney had so betrayed his office we could reach him and so could plaintiff. She made the matter a family affair, and as such we must leave it. The showing of sickness is too indefinite to warrant a finding of incapacity to see to her affairs. The affidavit of her physician shows no more than that plaintiff

"was continuously ill and under his care from the 10th day of August to the 25th day of August, 1922."

We are not informed by such affidavit of the nature of plaintiff's sickness, nor of the extent, if any, to which it incapacitated her from attending to her affairs. Upon due consideration we are not persuaded that the defendant was in error in denying the appeal.

Plaintiff injected in the application for the writ the charge that defendant denied the motion for leave to appeal in a moment of anger at her counsel. This charge defendant most emphatically denies. We would pass this as unworthy of notice, except for the fact that we feel it our duty to impress upon counsel for

plaintiff the grave character of the imputation, and of the impropriety of spreading the same upon the record. He ought to have known that we cannot consider it upon the question of whether an appeal should be granted.

The writ is denied, with costs.

FELLOWS, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.