DENVER & RIO GRANDE WESTERN RAILROAD CO. *v.*
WAYNE CIRCUIT JUDGE.

1. JUSTICES OF THE PEACE—GRANTING OF DELAYED APPEAL NOT
A MATTER OF COURT'S DISCRETION.
   The granting of a delayed appeal from justice's court
   either under the special statute applicable to the city of
   Detroit only, or under the general statute (3 Comp. Laws
   1915, § 14408) is not a matter of discretion with the court,
   but to justify such an order the party applying therefor
   must bring himself within the terms of the statute.

2. SAME—SHOWING FOR DELAYED APPEAL—SUFFICIENCY.
   A showing that, through the illness and departure from
   the city of the attorney looking after defendant's case in
   justice's court, it was not represented, and default judg-
   ment was entered against it, *held*, insufficient to authorize
   a delayed appeal under the statute, which requires that
   a showing be made that defendant "has been prevented
   from making a defense upon the merits by circumstances
   not under" its control, or that "justice requires that such
   appeal should be authorized."

Mandamus by the Denver & Rio Grande Western
Railroad Company and another to compel Henry A.
Mandell, circuit judge of Wayne county, to vacate an
order denying a petition for a delayed appeal from
justice's court.   Submitted May 27, 1924.   (Calendar
No. 30,949.)   Writ denied June 18, 1924.

*Beaumont, Smith & Harris* (*Thomas B. Moore,* of
counsel), for plaintiff.

*Harry C. Milligan,* for defendant.

SHARPE, J.   Plaintiffs seek by mandamus to compel
the trial judge to vacate an order denying a petition
for a delayed appeal from a judgment rendered against

it in justice's court in Detroit in favor of one Martin Mertz.

Section 22, Act No. 475, Local Acts 1903, providing for such appeals, reads as follows:

"Appeals may be authorized by the circuit court of the county of Wayne, when the party making the appeal has been prevented from making a defense upon the merits of the case in which such appeal is taken by circumstances not under his control; and such appeal may also be authorized when justice requires that such appeal should be authorized," etc.

It appears that on the return day of the summons, September 13, 1922, Marion S. Harlan, a representative of the firm of Beaumont, Smith & Harris, appeared specially for the defendant and filed a motion to set aside the service.   Successive adjournments by consent were had until November 27th.   On that day, owing to the illness of Mr. Harlan, Charles H. McIntyre appeared for defendant, and a further continuance was had until December 11th.   On that date there was no appearance for defendant, and the cause was continued until December 18th, when judgment by default was entered for plaintiff.

The affidavits filed in support of the motion disclose that defendant's failure to appear on December 11th was due to the fact that, while Mr. Harlan had partially recovered from his illness, he, under the advice of his physician, had left for a sanitarium in Colorado on December 7th and the pendency of the suit had been overlooked by those in the office who should have attended to it.

This special statute, applying to the city of Detroit only, and that providing for delayed appeals from other justice's courts (3 Comp. Laws 1915, § 14408), have been considered by this court in many cases.   In *Selby* v. *Brading*, 218 Mich. 667, the cases are reviewed.   It was there held that the granting of a

dilatory appeal under the general statute was not a matter of discretion; that, to justify such an order, the party must bring himself within the terms of the statute.   This rule also applies where applications are made under the local act.   *Mooradian* v. *Wayne Circuit Judge*, 220 Mich. 12; *Kowalsky* v. *Wayne Circuit Judge*, 221 Mich. 457.

The defendant is a corporation and can but act through its officers, agents' and attorneys.   Its attorneys had charge of its defense in this case and several times appeared for it.   When Mr. Harlan left for Colorado, it was the duty of defendant's attorneys to see to it that this case would be looked after by some other person.   Their neglect to do so should not be permitted to affect the rights of the plaintiff to speedily recover what we must assume was justly due him.   The affidavits do not disclose reasons which justify a finding that defendant "has been prevented from making a defense upon the merits * * * by circumstances not under" its control, or that "justice requires that such appeal should be authorized."

The writ is denied, with costs to defendant.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.