FRANK *v.* UNION TRUST CO.

CIRCUIT COURT COMMISSIONERS—APPEAL AND ERROR—DELAYED AP-
PEAL.

> Failure of defendant's attorneys, through neglect or in-
> advertence, to take an appeal to the circuit court from a
> judgment in summary proceedings before the circuit court
> commissioner within the statutory period, is *held*, by an
> equally divided court, to be "circumstances not under his
> control" within the meaning of 3 Comp. Laws 1915, §§
> 13252, 14408, authorizing a delayed appeal.

Error to Wayne; Jayne (Ira W.), J.    Submitted
April 26, 1927.   · (Docket No. 95.)    Decided July 29,
1927.   Rehearing denied October 3, 1927.

Summary proceedings by Samuel D. Frank and an-
other against the Union Trust Company, administra-
tor of the estate of Martha A. Scrase, deceased, for
possession of real property.    There was judgment for
plaintiffs before the commissioner.    From an order
granting a delayed appeal, plaintiffs bring error.
Affirmed by an equally divided court.

*Morris Garvett,* for appellants.

*Fleming, Baird & Morden* and *Frank W. Atkinson,*
for appellee.

McDONALD, J.    The plaintiffs have brought error
to review a judgment of the circuit court for the
county of Wayne, Michigan.    On the 4th day of June,
1926, a judgment was rendered in the circuit court
commissioner's court of Wayne county against the
defendant for the restitution of certain premises in
the city of Detroit.    No appeal from this judgment
was taken, and the 30 days provided by statute for

---

[1]Appeal and Error, 3 C. J. § 1082; 4 C. J. § 3113.

redemption were allowed to pass without any action on the part of the defendant. A writ of restitution was duly issued and served on July 8, 1926. On July 10, 1926, the defendant filed a petition in the circuit court for special leave to appeal, and on November 11, 1926, an order was entered granting the prayer of the petition. When the case came on to be heard the plaintiffs moved to dismiss the appeal. The motion was denied. On the hearing judgment of restitution was entered for the plaintiffs. They submitted proposed amendments to the findings of the court and duly excepted to their denial.

The only question to be considered is whether the court was in error in granting the defendant's petition for leave to appeal.

The statute relative to appeals from circuit court commissioners is section 13252, 3 Comp. Laws 1915. It provides:

"Either party conceiving himself aggrieved by the determination or judgment of the commissioner or other officer, made or rendered under the provisions of this chapter, may appeal therefrom to the circuit court for the same county, within the same time, in the same manner, and return may be compelled, and the same proceedings shall be thereon had, as near as may be, and with the like effect, as in cases of appeals from judgments rendered before justices of the peace, and costs shall be awarded and collected in the circuit court in the same manner." * * *

Appeals from justice's court judgments must be taken within five days after the rendition of the judgment. 3 Comp. Laws 1915, § 14402 *et seq.*

Section 14408 relates to delayed appeals and provides that:

"Appeals may be authorized by the circuit court, or by the circuit judge at chambers, after the expiration of five days, when the party making the appeal has been prevented from taking the same by circumstances not under his control." * * *

This section of the statute applies to appeals from circuit court commissioners. *Feldman* v. *Zimmerman,* 208 Mich. 240.

The question is whether the defendant was prevented from taking an appeal from the judgment of the commissioner within the statutory period by circumstances not under its control.

The application for the appeal shows that the defendant had no knowledge of the rendition of the judgment until served with a writ of restitution more than 30 days after it was rendered.    It was served with summons which it promptly placed in the hands of its attorneys with instructions to defend the action, and if judgment were rendered against it, to take an appeal to the circuit court.    Through the neglect of the attorneys, default judgment was taken by the plaintiffs; no appeal therefrom was filed, and no notice of the judgment was received by the defendant until long after the time allowed by statute for taking an appeal had elapsed.

Reliance upon an attorney who neglects to take an appeal seasonably is a circumstance beyond the control of the client, within the meaning of the statute.    The time for taking an appeal and the manner of taking it are matters without the knowledge of the lay citizen. He must rely on attorneys to do this work for him. They are sworn officers of the court, authorized by law to represent clients in lawsuits.    The client has a right to rely on them, and when, without his fault or default, they neglect to appeal from a judgment which he desires to have reviewed, it is a circumstance not under his control, within the meaning of the belated appeal statute.    In *Kowalsky* v. *Wayne Circuit Judge,* 221 Mich. 457, the plaintiff relied on her husband to look after her interests in proceedings before a circuit court commissioner.    Through his neglect she was prevented from taking an appeal within the time allowed by statute.    It was held that

it was not a circumstance beyond her control.    Mr. Justice WIEST, who wrote the opinion, distinguished between reliance on an attorney and reliance on an ordinary agent.    He said:

"The reason why one may rely upon action by an attorney is apparent.    An attorney is an officer of the court, licensed to represent others in suits, and when employed to look after a client's interests, he is amenable for wilful neglect."

In *Capwell* v. *Baxter*, 58 Mich. 571, the defendant was prevented from taking an appeal from a justice's court judgment by reliance on his attorneys, who were honestly mistaken as to the date of an adjournment, and for that reason allowed judgment to be taken by default, and the time for appeal to elapse.    This court held that the appeal was prevented by circumstances not within the control of the client.    An attempted distinction is made between that case and the case at bar, because there the failure of the attorneys was due to an honest mistake, and here it was plain neglect.    We see no distinction.    In both instances the action or nonaction of the attorneys was beyond the control of the client.

Our attention is called to the case of *Denver, etc., R. Co.* v. *Wayne Circuit Judge*, 227 Mich. 589, which it is claimed is not in harmony with the rule that failure to seasonably appeal, because of reliance on attorneys, brings the party within the terms of the statute authorizing belated appeals.    The language of the court in that case applies only to the particular facts there under consideration, and to a different statute than that authorizing appeals in cases like the one at bar. That was an attempted special appeal from a judgment in justice's court of the city of Detroit, under a local act authorizing belated appeals when a party has been prevented from making a defense on the merits, by circumstances not under his control, or when justice requires that the case should be reviewed.    In

that case the proceedings in justice's court showed that the defendant appeared specially and moved to set aside the service.    It was trying to avoid making a defense on the merits.    The circumstance relied on as justifying a delayed appeal prevented it from pursuing its technical defense, but did not prevent a hearing on the merits.    With these facts before it, this court said:

"The affidavits do not disclose reasons which justify a finding that defendant 'has been prevented from making a defense upon the merits * * * by circumstances not under' its control, or that 'justice requires that such appeal should be authorized.'"

In the instant case the defendant, Union Trust Company, was administrator of the estate of Martha A. Scrase.    Her son and sole heir, Albert L. Scrase, was the owner of an equity in the property in question, amounting to $66,123.13.    He was the party in interest.    He had no control over the litigation, but was compelled to look to the Union Trust Company to protect his rights.    It was necessary for the company to employ attorneys to manage the lawsuit.    In doing so it instructed them to take an appeal if judgment was rendered against it.    It could have done nothing further to protect the interests of the estate. In view of these facts, its failure to take a timely appeal was due to circumstances not under its control. We think that the circuit judge correctly disposed of the question.

The judgment is affirmed, with costs to the defendant.

SNOW, FELLOWS, and WIEST, JJ., concurred with MCDONALD, J.

SHARPE, C. J.    I am not in accord with the conclusion reached by Mr. Justice MCDONALD.    It exemplifies in a marked degree that "Hard cases make

bad law." The motion for special leave to appeal was based upon the petition of the defendant, verified by its assistant trust officer, in which it was stated:

"That it is prepared and has been prepared at all times to pay the proper amount due upon said contract according to its terms, that it relied upon its said attorneys to take proper steps to appeal to the circuit court for the county of Wayne from any judgment which might be entered in said proceeding,"

and further—

"That as appears from the affidavits of Frank W. Atkinson and Edward A. Fleming, hereto attached, your petitioner has at all times relied upon its said attorneys to properly protect the interests of said estate in said property and has instructed them to take an appeal if necessary to protect the interests of said estate from any judgment which might be rendered, and that your petitioner has been without fault in its failure to appeal within the statutory time and that its failure to take such appeal has been on account of circumstances beyond its control and that the interests of justice require that it be now allowed to take a special appeal to the circuit court for the county of Wayne."

From the above it clearly appears that the defendant did not instruct its attorneys to take an appeal; that it relied upon them to protect the interests of the estate and "instructed them to take an appeal if necessary" to do so. Whether the defendant should pay the amount found to be due or appeal from the finding was a question it did not determine. It left decision to its attorneys.

Both attorneys made affidavits similar in form. I quote therefrom:

"That he was duly instructed by the said Union Trust Company to appear upon the hearing of all proceedings in connection with said property and to take an appeal to the circuit court for the county of Wayne from any judgment which might be entered in said proceedings necessary to protect the interests

of said estate in said property, and that the said administrator relied upon this deponent   *   *   *   to properly protect the interests of said estate in said property."

It was further stated therein that the failure to take an appeal within the time provided therefor—

"was not due to any neglect on the part of said administrator, but was caused by circumstances wholly without the control of said administrator and by reason of the fact" that the attorneys "did not take proper steps within the time allowed by the statute to take said appeal."

There is no allegation in any of the affidavits that the judgment sought to be appealed from is not a righteous one.   No reason is assigned for the non-action on the part of the attorneys.   It is not stated that they had decided to take an appeal within the time limited therefor and neglected to do so.   It may fairly be inferred that the thought of appeal first entered their minds after the time had elapsed within which payment of the amount found to be due might have been made.

A party having litigation pending in a court may attend to it personally or employ an attorney to do so.   The latter course is usually the much wiser one to pursue.   An attorney, if employed, must follow the instructions of his client.   The plaintiff in an action in which the defendant is represented by an attorney has rights which the court is bound to respect.   He is entitled to have the proceedings therein conducted in the manner provided by the statute.   The judgment in the commissioner's court had been regularly entered after a trial in which defendant was represented by attorneys.   When the time for compliance with the provision therein for payment had elapsed, the plaintiff had the right to assume that the defendant had abandoned all intention to preserve any rights to which it was entitled under the contract.   While

the attorneys for the plaintiff were chargeable with notice of the provision of the law under which a delayed appeal might be allowed, if they knew that the attorneys for the defendant therein were in the city and in good health, and that the trust company was still doing business, they need have had no expectation that an application therefor would be made.

Were this a proceeding in equity, I might well be content with the conclusion reached. But we are here asked to place a construction upon the language of a statute. To hold that under the showing made in the petition and affidavits this defendant was prevented from taking an appeal "by circumstances not under his control" is, in my opinion, equivalent to saying that the statute does not mean what it says. If so interpreted, any person seeking an appeal under it may simply say, "I left it to my attorney to decide and he neglected to take an appeal." And the attorney may well say, "I need give it no attention. The court will grant a delayed appeal as my client is not chargeable with my neglect."

Our holding in *Denver, etc., R. Co.* v. *Wayne Circuit Judge,* 227 Mich. 589, is, I think, squarely decisive of the question before us. The negligence of an attorney was not involved in *Kowalsky* v. *Wayne Circuit Judge,* 221 Mich. 457. In *Capwell* v. *Baxter,* 58 Mich. 571, the appeal was allowed for the reason that "the attorneys were honestly mistaken as to the date of the adjournment."

*Beale* v. *Swasey,* 106 Me. 35 (75 Atl. 134, 20 Ann. Cas. 396), is instructive. A statute authorized the supreme judicial court upon a bill in equity to permit a claim against an estate to be presented when the time limited therefor had elapsed, if the creditor was not chargeable with "culpable neglect" for the delay. The court said:

"The allegations of this bill, respecting the delay to bring suit, considered in the most favorable light for

the plaintiff, are in substance, that she placed her claim with an attorney in good standing with express instructions to enforce it against the estate, that she was assured by him it was being properly attended to, and that she relied upon him and believed his assurances, and supposed her claim was in suit within the time limited, 'but in some way to the plaintiff unknown or by some oversight or inadvertence or negligence on the part of the attorney' no action on her claim was seasonably begun, although, as she afterward learned, the executrix had declined and refused to pay the claim.

"We think these allegations are not sufficient to relieve the plaintiff of the charge of 'culpable neglect' within the meaning of that phrase as used in the statute.    An attorney, within the scope of his authority, represents his client.    His acts of omission as well as commission are to be regarded as the acts of the party he represents.    The neglect of the attorney is equivalent to the neglect of the party himself.    *Kean* v. *Strausberger*, 71 Ill. 413, a case very much in point with the case at bar.    See, also, cases collected in note on page 36, Vol. 31, L. R. A.    To entitle the plaintiff to the relief provided for by this statute, it is not enough for her to allege and show that she entrusted the enforcement of her claim to an attorney in good standing upon whom she relied, and that he did not prosecute it as directed by her, for his neglect to act in the premises must be considered as her neglect.    If his neglect is culpable, then she must be chargeable with culpable neglect, at least, in the absence of any special circumstances making it equitable for her to be relieved therefrom.    But no such special circumstances appear in this case.    There is no allegation as to how it happened that the attorney did not seasonably bring suit on the plaintiff's claim.    On the other hand she alleges that she does not know why it was not done, suggesting however that it was 'oversight or inadvertence or negligence on the part of the attorney.'"

In *Clark* v. *Stevens*, 55 Iowa, 361 (7 N. W. 591), the court had occasion to construe a statute reading as follows:

"If after the commencement of an action the plaintiff fail therein for any cause except negligence in its prosecution, and a new suit be brought within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."'

The court said:

"The allegations of the petition clearly show that the first petition was not filed in time, on account of the inadvertence and forgetfulness of the attorneys. This is nothing less than negligence. Surely it cannot be claimed that negligence to prosecute a suit will be excused upon the ground that the attorney charged therewith 'inadvertently mislaid papers,' and thus failed to do what the law requires shall be done. We do not understand that an intention to fail in the discharge of duty is an ingredient of negligence. A failure through inattention, inadvertency or forgetfulness, is always regarded as negligence, and through a fault of this character the action was discontinued. The petition does not show that the first petition was not filed on account of accident or mistake. It is a pure case of forgetfulness and 'inadvertency.' "

In my opinion the order granting a delayed appeal should be vacated and set aside, with costs to appellants.

BIRD, STEERE, and CLARK, JJ., concurred with SHARPE, C. J.